## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| JABON PETERMAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> INSTRUCTURE, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:26-cv-00374-RJS-JCB <br><br> District Judge Robert J. Shelby <br><br> Magistrate Judge Jared C. Bennett |

### INTRODUCTION[1]

Before the court is Plaintiff's motion for *pro hac vice* admission of Jeff Ostrow ("Mr. Ostrow").[2] For the reasons explained below, the court denies the motion because it fails to demonstrate good cause to warrant an exception to this court's local rule regarding *pro hac vice* admission.

### ANALYSIS

"28 U.S.C. § 2071 and Fed. R. Civ. P. 83 authorize federal courts to promulgate local rules of practice."[3] In addition, 28 U.S.C. § 1654, which empowers each federal district to regulate the admission of attorneys, provides: "In all courts of the United States the parties may

---

[1] District Judge Robert J. Shelby referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A). ECF No. 7.

[2] ECF No. 6.

[3] *Mateo v. Empire Gas Co., Inc.*, 841 F. Supp. 2d 574, 576 (D.P.R. 2012) (citing *United States v. Hvass*, 355 U.S. 570, 575 (1958)).

plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." In the District of Utah, attorneys who are not admitted to practice law in Utah may move for admission *pro hac vice* under the requirements of local rule DUCivR 83-1.1(c).

The Latin phrase *pro hac vice* means "[f]or this occasion or particular purpose" and usually "refers to a lawyer who has not been admitted to practice in a particular jurisdiction but who is admitted there temporarily for the purpose of conducting a particular case."[4] The United States Supreme Court has described *pro hac vice* attorneys as "[o]ne-time or occasional practitioners."[5] Put another way, "'admission *pro hac vice* is temporary and limited in character and is not intended to be requested by a practitioner on a frequent basis.'"[6] The American Bar Association confirms this characterization in its model rule on *pro hac vice* admission, which provides that a court may deny *pro hac vice* admission if "the applicant has engaged in such frequent appearances as to constitute regular practice in [a] state."[7] "Although courts commonly have permitted out-of-state lawyers to appear *pro hac vice*, such practice is guaranteed neither by statute nor by the Constitution."[8] "The Supreme Court has observed, approvingly, that in many

---

[4] Black's Law Dictionary (12th ed. 2024).

[5] *Frazier v. Heebe*, 482 U.S. 641, 647 (1987).

[6] *Mateo*, 841 F. Supp. 2d at 579 (quoting *In re Reza*, 138 B.R. 190, 191 (Bankr. S.D. Ohio 1992)) (citation modified).

[7] ABA Model Rule on Pro Hac Vice Admission R. I(D)(3)(d) (2002), *available at* https://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/mjp_migrated/rule_prohac.pdf.

[8] *Mateo*, 841 F. Supp. 2d at 577 (citing *Leis v. Flynt*, 439 U.S. 438, 443 (1979) (per curiam) ("[T]he Constitution does not require that because a lawyer has been admitted to the bar of one State, he or she must be allowed to practice in another.")).

District Courts, the decision on whether to grant *pro hac vice* status to an out-of-state attorney is purely discretionary."[9]

In the District of Utah, local rule DUCivR 83-1.1(c)(1) provides the eligibility requirements and the restrictions for attorneys seeking *pro hac vice* admission. Seeking to ensure that the designation *pro hac vice* retains its intended purpose and meaning, DUCivR 83-1.1(c)(1) provides a clear definition of what constitutes "frequent appearances" or "regular practice in [the] state."[10] The rule provides that *pro hac vice* admission "is not available to any attorney who . . . has already been admitted pro hac vice in 3 unrelated cases in the previous 5 years in this district, unless the court finds good cause for the attorney not seeking admission to the Utah State Bar."[11]

The motion for *pro hac vice* admission of Mr. Ostrow indicates that he has been admitted *pro hac vice* in this district in 5 unrelated cases in the previous 5 years.[12] Recognizing the fact that those *pro hac vice* admissions exceed the rule's limit, Mr. Ostrow asserts the following to show good cause for not seeking admission to the Utah State Bar: "I am an attorney based in Florida with a nationwide practice of data breach and data security cases. Due to the multiple cases I have filed in this District in recent years, I will consider applying to the Utah State Bar."[13]

---

[9] *Id.* (citation modified).

[10] ABA Model Rule on Pro Hac Vice Admission R. I(D)(3)(d) (2002), *available at* https://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/mjp_migrated/rule_prohac.pdf.

[11] DUCivR 83-1.1(c)(1)(A)(iii).

[12] ECF No. 6-1 at 2.

[13] *Id.*

Mr. Ostrow's statement fails to establish good cause why he should be exempted from seeking admission to the Utah State Bar. Mr. Ostrow's 5 prior *pro hac vice* admissions in the previous 5 years are not occasional and are more akin to the regular practice of law in this district. Additionally, the fact that Mr. Ostrow specializes in litigating specific types of cases is irrelevant to showing why he should not be required to seek admission to the Utah State Bar. Attorneys who engage in the regular practice of law in courts located in the State of Utah should be governed by the entity that licenses and regulates those practitioners. Because Mr. Ostrow has not provided any reason why he should be exempted from seeking admission to the Utah State Bar, the court cannot conclude that good cause exists for an exception to the requirements of this court's local rule regarding *pro hac vice* admission. Therefore, the court denies the motion for *pro hac vice* admission of Mr. Ostrow.

### ORDER

For the reasons stated above, Plaintiff's motion for *pro hac vice* admission of Mr. Ostrow[14] is DENIED.

IT IS SO ORDERED.

DATED this 8th day of May 2026.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[14] ECF No. 6.