Devin S. Anderson (18287)
Michael S. Lehr (16496)
KIRKLAND & ELLIS LLP
95 South State Street
Salt Lake City, Utah 84111
Telephone:  (801) 877-8134
Facsimile:  (801) 877-8101
devin.anderson@kirkland.com
mike.lehr@kirkland.com

Martin L. Roth, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 Wolf Point Plaza
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
rothm@kirkland.com

*Attorneys for Defendant Instructure, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| *In Re: Instructure Data Breach Litigation* | Case No. 2:26-cv-00374-RJS-CMR |
| | District Judge Robert J. Shelby |
| | Chief Magistrate Judge Cecilia M. Romero |

**DEFENDANT INSTRUCTURE, INC.'S PARTIAL OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO PROCEED UNDER A PSEUDONYM AND FOR LIMITED RELIEF FROM GENERAL ORDER 26-007**

Defendant Instructure, Inc. ("Instructure") respectfully submits this partial opposition to Plaintiff's Renewed Motion to Proceed Under a Pseudonym and for Limited Relief from General Order 26-007.  ECF No. 78.  At this stage of the proceedings, Instructure does not oppose plaintiff's use of a pseudonym, nor does it ask the Court to require her to reveal her identity,

pending a decision on the merits of that request. Because this action has now been consolidated into the lead case, the stay mandated by General Order 26-007 no longer applies to this action. Nevertheless, Instructure opposes plaintiff's request to lift the stay under either General Order 26-007 or the operative stay order, ECF No. 68. No stay should be lifted until a consolidated amended complaint is filed that identifies the plaintiffs and states which of them will seek to proceed under a pseudonym. At that point, the Court can address pseudonymity for all affected plaintiffs in a single proceeding. This partial opposition is made without prejudice to Instructure's right to oppose the merits of plaintiff's request to proceed under a pseudonym at the appropriate time in the consolidated action.

## PROCEDURAL BACKGROUND

This consolidated action arises out of an alleged cyberattack on Instructure's Canvas platform. The first of the related actions, *Peterman v. Instructure, Inc.*, No. 2:26-cv-00374, was filed in this District on May 5, 2026. ECF No. 1. After additional related cases were filed in the District, Chief Judge Parrish entered General Order 26-007 on May 27, 2026. General Order 26-007 at 1. "[T]o streamline procedures, prevent duplicative work, avoid inconsistent decisions, and promote judicial economy among the many proposed class-action cases related to" *Peterman*, the Order stayed "all other cases related to the data breach of Defendant Instructure, Inc.'s, network . . . until the court orders otherwise," except for *Peterman* as the earliest-filed related case. *Id.* The Order also directed the Clerk of Court to "docket this General Order in every related case that has been or will be filed while the General Order remains in effect." *Id.* at 1–2.

On June 16, 2026, the Court consolidated 33 related actions into *Peterman*, re-captioned the consolidated matter *In re Instructure Data Breach Litigation*, and directed that all subsequent docketing occur in the consolidated case. ECF No. 41. That same day, a John Doe plaintiff moved to proceed under a pseudonym in the consolidated action. ECF No. 42. On June 18, 2026, "to

2

promote efficiency in the consolidated matter," the Court set an initial case-management conference for July 22, 2026, and stayed all deadlines, including any response deadline for the Doe motion, except for certain pre-conference submissions, pending that conference. ECF No. 68 at 1. Since the consolidation order, additional related actions have been filed in or transferred to this District and likewise consolidated into *Peterman*. *See, e.g.*, *Roach v. Instructure, Inc.*, No. 2:26-cv-00562 (D. Utah); *Prudencio v. Instructure, Inc.*, No. 2:26-cv-00561 (D. Utah); *Mikayelyan v. Instructure, Inc.*, No. 2:26-cv-00566 (D. Utah); *Mockert v. Instructure, Inc.*, No. 2:26-cv-00605 (D. Utah).

Plaintiff Jane Doe originally filed her separate putative class action in the Western District of Texas on May 8, 2026. *See Doe v. Instructure, Inc.*, No. 2:26-cv-00558 (D. Utah), ECF No. 1. On May 15, 2026, plaintiff moved for leave to proceed under a pseudonym and for a limited protective order. *Id.*, ECF No. 2. Thereafter, on June 16, the parties filed a joint motion to transfer this action to the District of Utah for coordination with the related cases, which the transferor court granted the next day, resulting in this Court assigning Case No. 2:26-cv-00558 to the action. *Id.*, ECF Nos. 6, 7, 8. Plaintiff's motion to proceed under a pseudonym was not resolved before the action was transferred, and Instructure never appeared in the transferor court.' *See id.*, ECF Nos. 2, 7.

Once the Jane Doe action was transferred to the District of Utah, the action was stayed on June 17 pursuant to General Order 26-007, ECF No. 10, and the next day, the Court ordered it consolidated into *In re Instructure Data Breach Litigation* unless an objection was filed within seven days, ECF No. 11. Within that seven-day period, before the action was consolidated and while it remained stayed, plaintiff filed her Renewed Motion to Proceed Under a Pseudonym and for Limited Relief from General Order 26-007 on June 22, 2026. *Id.*, ECF No. 13.

No objection to consolidation was filed by the June 25, 2026 deadline, and this action was therefore consolidated into the lead case. *Id.*, ECF No. 14. On June 26, 2026, plaintiff re-filed in the consolidated action the same Renewed Motion to Proceed Under a Pseudonym and for Limited Relief from General Order 26-007 that was filed in her individual case. ECF No. 78. Plaintiff asks the Court to grant "limited relief from General Order 26-007, to the extent necessary, solely to permit the filing and resolution of this motion," and to resolve her request to proceed under a pseudonym now, before any operative consolidated class-action complaint is filed. *Id.*

## LEGAL STANDARD

A district court possesses broad inherent authority "to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").[1] That discretion extends to determining whether an existing stay should be lifted. *Monreal v. Potter*, 367 F.3d 1224, 1238 (10th Cir. 2004).

"When determining whether to lift an existing stay, courts typically apply the same standard that applies to determine whether to impose a stay in the first place." *Asarco, LLC v. Noranda Mining, Inc.*, 2022 WL 17177625, at *4 (D. Utah Nov. 23, 2022). The relevant factors include "(1) whether the stay would promote judicial economy; (2) whether the stay would avoid confusion and inconsistent results; and (3) whether the stay would unduly prejudice the parties or create undue hardship." *Id.*

---

[1] All citations and quotations have been cleaned up and emphasis is added, unless otherwise noted.

**ARGUMENT**

Plaintiff has not demonstrated that relief from the stay mandated by the Court's order in ECF No. 68 is warranted and provides no justification for departing from the reasoning underlying the stay. Although her Motion addresses the merits of pseudonymity, it fails to provide any legitimate reason for why the stay, which was entered just 18 days ago, should be lifted. Because the justification for the stay remains unchanged, the stay should remain in place and plaintiff's request to proceed under a pseudonym should be addressed in due course under the schedule the Court set in ECF No. 68, once the consolidated class-action complaint is filed.

*First*, maintaining the stay serves judicial economy. That is why the Court stayed all deadlines pending the case-management conference: "to promote efficiency in the consolidated matter." ECF No. 68 at 1. The stay under General Order 26-007 was entered for the same purpose: to "streamline procedures, prevent duplicative work, avoid inconsistent decisions, and *promote judicial economy* among the many proposed class-action cases related to" *Peterman*. General Order 26-007 at 1. The stay advances the same end as consolidation itself, which exists "so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Stern v. Academy Mortg. Corp.*, 2025 WL 1370213, at *2 (D. Utah May 12, 2025).

Now that this action has been consolidated, plaintiff Doe is one of many plaintiffs currently in the consolidated litigation, and resolving her individual motion now—ahead of others—would allow her to jump the line and bypass the orderly process the Court has set and will set for managing the consolidated action. In its case-management order, the Court set an initial case-management conference, invited proposed agenda items, required plaintiffs' counsel to meet and confer and file a report, and kept all deadlines stayed except for certain pre-conference submissions. ECF No. 68 at 1. That same order directs plaintiffs' counsel to propose "a deadline to file a consolidated class action complaint" and contemplates that liaison counsel will "facilitate

5

the filing of a consolidated complaint." *Id.* at 2–3.  The roster of plaintiffs in these related actions will not be fixed until that consolidated class-action complaint is filed, as plaintiffs are commonly added or dropped while the slate of named plaintiffs is finalized.  Resolving plaintiff's individual pseudonym request now would therefore risk deciding a question that must be revisited once the consolidated class-action complaint identifies which plaintiffs are proceeding and which of them seek to proceed under a pseudonym.  It makes far more sense to resolve these requests together, rather than piecemeal: any individual ruling now "will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation" and may "be for naught" if later revisited.  *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360–62 (C.D. Cal. 1997); *see also Asarco*, 2022 WL 17177625, at *8–9 (maintaining stay to "avoid piecemeal litigation" and "save the parties and the court wasted time and resources").

**Second**, keeping the stay in place avoids confusion and inconsistent results.  A John Doe plaintiff has already moved to proceed under a pseudonym, so the Court will need to decide a substantially similar question once the stay is lifted.  *See In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.*, 2021 WL 6773045, at *4 n.2 (S.D. Fla. Nov. 24, 2021) (resolving pseudonymity for member-case plaintiffs on an MDL-wide basis to "promote litigation efficiencies by obviating the need to continually relitigate this same issue" and "eliminate the need for future motion practice").  Lifting the stay now and resolving plaintiff's request would invite the piecemeal litigation and rulings that consolidation is meant to prevent.  *See Stern*, 2025 WL 1370213, at *3.  The more efficient course is for the Court to wait and address all pseudonym questions at one point in time after the consolidated class-action complaint is filed, when the full set of plaintiffs seeking to proceed under a pseudonym is known and the issue can be resolved on a uniform, consistent basis.

***Third***, plaintiff faces no undue hardship from maintaining the stay.  Plaintiff will not be required to reveal her identity while the stay remains in place or after consolidation.  That is because a stay "suspend[s] . . . [the] judicial proceeding[s]" rather than resolving them.  Stay, *Black's Law Dictionary* (12th ed. 2024).  Under this Court's local rules, plaintiff is required to use her true name only if the Court affirmatively denies pseudonym relief or later vacates a grant of it. DUCivR 10-2(e).  Instructure does not seek immediate public disclosure of plaintiff's identity and agrees that she may continue to proceed under a pseudonym pending a decision on the merits of that request once it becomes ripe after a consolidated class-action complaint is filed.

Until then, plaintiff's request to proceed under a pseudonym is "not ripe for determination" while this action remains stayed pending the July 22, 2026 case management conference.  *Medved v. DeAtley*, 2013 WL 3353885, at *2 (D. Colo. July 2, 2013).  The Court should therefore decline to lift the stay to decide the request now.  Instead, the Court should defer "granting or denying the substantive relief requested" until after the stay is lifted and the consolidated class-action complaint is filed.  *Anderson v. Horton*, 2019 WL 4932847, at *2 (D.N.M. Oct. 7, 2019); *see also Murata Mach. USA, Inc. v. Daifuku Co.*, 2015 WL 5178456, at *2 (D. Utah Sept. 4, 2015) (declining to lift the stay and denying without prejudice a motion "filed prematurely-while th[e] action was stayed").

## CONCLUSION

For the foregoing reasons, Instructure respectfully requests that the Court decline to lift the stay and defer resolution of Plaintiff's Renewed Motion to Proceed Under a Pseudonym and for Limited Relief from General Order 26-007 until after the consolidated class-action complaint is filed.

Dated this 6th day of July, 2026

Respectfully submitted,

_/s/ Martin L. Roth_

Devin S. Anderson (18287)
Michael S. Lehr (16496)
KIRKLAND & ELLIS LLP
95 South State Street
Salt Lake City, Utah 84111
Telephone: (801) 877-8134
Facsimile:  (801) 877-8101
devin.anderson@kirkland.com
mike.lehr@kirkland.com

Martin L. Roth, P.C. (_Pro Hac Vice_)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile:  (312) 862-2200
rothm@kirkland.com

_Attorneys for Defendant Instructure, Inc._

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2026 I filed a true and correct copy of the foregoing

**DEFENDANT INSTRUCTURE, INC.'S PARTIAL OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO PROCEED UNDER A PSEUDONYM AND FOR LIMITED RELIEF FROM GENERAL ORDER 26-007** via the Court's CM/ECF system, which automatically effectuated service on all parties of record in this matter.


*/s/ Martin L. Roth*
Martin L. Roth