JASON R. HULL [11202]
JONATHAN E. KEENAN [20272]
**MARSHALL OLSON & HULL, PC**
TEN EXCHANGE PLACE, SUITE 350
SALT LAKE CITY, UTAH 84111
TELEPHONE: 801.456.7655
JHULL@MOHTRIAL.COM
JKEENAN@MOHTRIAL.COM

NICHOLAS ANDREW HALL (*PRO HAC VICE*)
**HALL ATTORNEYS, P.C.**
P.O. BOX 1370
EDNA, TEXAS 77957
TELEPHONE: 713.428.8967
NHALL@HALLATTORNEYS.COM

*Attorneys for Consol Plaintiff Jane Doe*

---

## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| *In Re: Instructure Data Breach Litigation* | **PLAINTIFF JANE DOE'S REPLY IN SUPPORT OF PLAINTIFF'S RENEWED MOTION TO PROCEED UNDER A PSEUDONYM AND FOR LIMITED RELIEF FROM GENERAL ORDER 26-007**<br><br>Case No. 2:26-cv-00374-RJS-CMR<br>District Judge Robert J. Shelby<br>Chief Magistrate Judge Cecilia M. Romero |

Consol Plaintiff Jane Doe respectfully submits this reply in support of her Renewed Motion to Proceed Under a Pseudonym and for Limited Relief from General Order 26-007. ECF No. 78. In light of Instructure's partial opposition, Doe narrows the relief requested. She continues to request an order now permitting her to be identified publicly as Jane Doe, maintaining the full

name notice at ECF No. 77 under seal, and directing that public filings not disclose her full legal name absent further order.

Doe does not presently ask the Court to decide any broader protective order. She does not seek amendment of the Standard Protective Order, a blanket redaction protocol, or a ruling governing indirectly identifying information in future consolidated pleadings. Doe agrees those issues can be addressed later if Plaintiffs, interim leadership, or any party files an appropriate motion after the consolidated complaint and broader case management structure are set.

With that narrowing, the parties' dispute is limited. Instructure states that, at this stage, it does not oppose Doe's use of a pseudonym, does not ask the Court to require public disclosure of her identity, and agrees that she may continue proceeding under a pseudonym pending a ruling on the merits. ECF No. 85 at 1-2, 7-8. The Court can therefore grant Doe's narrow pseudonym request now without deciding any global Doe procedure or protective order amendment.

## ARGUMENT

**I.      THE COURT CAN GRANT NARROW JANE DOE TREATMENT NOW WHILE PRESERVING LATER CONSOLIDATED CASE PROCEDURES.**

Instructure has a fair efficiency point: if multiple plaintiffs ultimately seek pseudonym treatment or broader redaction protection in the consolidated complaint, it may be more efficient for the Court to address those broader issues together. Doe does not ask the Court to reject that approach. She asks only that her name be protected while the consolidated litigation is organized.

That limited relief does not interfere with the stay, the case management conference, leadership proceedings, the consolidated complaint deadline, or any later challenge to pseudonymity. It simply preserves the status quo for an existing consolidated plaintiff whose

sealed full name notice is already on file and whose identity Instructure does not presently seek to disclose publicly.

This approach also avoids unnecessary motion practice. If the Court grants Jane Doe treatment now without prejudice, there is no need to revisit the issue unless a later consolidated pleading, class representative decision, or protective order motion materially changes the posture. If a broader pseudonym or redaction protocol amending the Standard Protective Order becomes necessary, it can be addressed in an orderly way at that time.

## II.    DUCIVR 10-2 SUPPORTS RESOLVING THE PSEUDONYM ISSUE WITHOUT WAITING FOR A CONSOLIDATED COMPLAINT.

Doe filed ECF Nos. 77 and 78 because DUCivR 10-2 required a transferred pseudonymous party whose originating court had not authorized pseudonymity to file a motion and sealed full name notice promptly after transfer. Doe complied with that requirement. The local rule is designed to manage party identity at the outset of litigation, before public docket activity creates unnecessary disclosure risk.

Resolving Doe's request now would not require the Court to decide all pseudonym motions now. Other plaintiffs may have different facts, and the Court may address those requests if and when they are properly presented. Doe's request is fact-specific and limited to her full legal name. Any order can state expressly that it is without prejudice to later consolidated case procedures, later objections, or a later motion concerning the Standard Protective Order.

## III.    THE STAY FACTORS DO NOT REQUIRE DEFERRAL OF THIS LIMITED PSEUDONYM ORDER.

Doe does not seek discovery, merits litigation, a pleading deadline, class certification activity, or any ruling that would advance the substance of the case. To the extent the stay at ECF

No. 68 applies, the requested order is consistent with its purpose: promoting efficiency in the consolidated matter. A narrow pseudonym order promotes orderly docket management by clarifying how Doe should be identified in public filings while the case remains coordinated.

And Instructure would not suffer prejudice. The full name notice remains available to the Court and Instructure under DUCivR 10-2. Instructure can preserve all later arguments regarding standing, adequacy, discovery, class certification, or whether pseudonymity should continue at a later stage. Doe seeks only protection from public disclosure of her full legal name pending further order.

**IV.    DOE HAS SHOWN GOOD CAUSE FOR JANE DOE TREATMENT, AND INSTRUCTURE DOES NOT CONTEST THAT SHOWING NOW.**

Doe's motion explains why pseudonym treatment is appropriate under the Tenth Circuit standard. Public disclosure of Doe's name would connect her to an active Title IX matter involving alleged sexual harassment and related discrimination, a sensitive Canvas communication requesting academic support, and a person who has threatened her personal safety. ECF No. 78 at 2-6. Those facts establish a highly sensitive personal matter and a concrete safety concern sufficient for the limited relief requested.

Instructure's opposition does not rebut those facts at this stage. Instead, Instructure reserves its right to oppose later and asks the Court to defer the issue until the consolidated complaint is filed. ECF No. 85 at 1-2, 7-8. The Court can accommodate that reservation by granting Doe's narrowed request without prejudice to later modification or further case management procedures.

**V.    ANY BROADER PROTECTIVE ORDER ISSUES CAN BE HEARD LATER.**

To avoid any ambiguity, Doe does not presently seek an order prohibiting public filings from including all information that might indirectly identify her. Nor does Doe ask to amend the

Standard Protective Order through this motion. If later filings require protection of specific sensitive details, Doe will proceed under the applicable local rules, the existing protective order process, or any motion filed by Plaintiffs or interim leadership to amend the Standard Protective Order.

This narrower disposition gives both sides what is practically needed now: Doe may proceed publicly as Jane Doe, ECF No. 77 remains sealed, Instructure retains all later objections, and the Court preserves its ability to address any broader Doe or protective order issues in a single coordinated process after the consolidated complaint if that becomes necessary.

## CONCLUSION

For these reasons, Doe respectfully requests that the Court grant ECF No. 78 as narrowed by this reply: permit Plaintiff to proceed publicly as "Jane Doe" pending further order; maintain the sealed full name notice at ECF No. 77 under seal; direct that public filings not disclose Doe's full legal name absent further order; and make clear that this relief is without prejudice to any later consolidated case pseudonym procedure, later objection, or motion concerning the Standard Protective Order. No oral argument is requested.

DATED: July 9, 2026

**HALL ATTORNEYS, P.C.**

By: */s/ Nicholas Andrew Hall*
    Nicholas Andrew Hall

**MARSHALL OLSON & HULL, P.C.**
    Jason R. Hull

*Attorneys for Consol Plaintiff Jane Doe*

## CERTIFICATE OF SERVICE

I certify that on July 9, 2026, I filed the foregoing through the Court's CM/ECF system, which will send notice to all counsel of record registered to receive electronic service in this matter.

*/s/ Nicholas Andrew Hall*
Nicholas Andrew Hall