**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| IN RE: INSTRUCTURE DATA BREACH LITIGATION | Case No. 2:26-cv-374 |
| | **PLAINTIFFS' JOINT INITIAL CASE MANAGEMENT CONFERENCE REPORT** |
| | District Judge: Robert J. Shelby |
| | Chief Magistrate Judge: Cecilia M. Romero |

Plaintiffs respectfully submit this Joint Initial Case Management Conference Report in advance of the July 22, 2026, Initial Case Management Conference. *See* Fed. R. Civ. P. 16; ECF No. 68 (ordering submission).[1]

1.      **General Nature of the Litigation**

Defendant Instructure, Inc. owns and operates Canvas, an online, cloud-based educational software platform that contracts with over 8,000 educational institutions and individuals to provide services to over 30 million students, teachers, professors, and administrators. Canvas software assists schools with managing coursework, assignments, quizzes, exams, and grades, and facilitates communications between instructors and students. Canvas is used by 41% of higher education institutions in the United States, and some educational institutions require individuals to use Canvas to learn and teach. Even if their educational institution does not subscribe to Canvas,

---

[1] Plaintiffs attach a complete list of counsel as Exhibit A, and a proposed agenda as Exhibit B.

individuals can open their own accounts with Canvas. For example, Canvas offered account services called Free-for-Teacher that allowed individual educators to create courses, upload files and course material, create and administer quizzes, and share other course-related information.

Through its services, Canvas collects detailed and sensitive information about its users, including names, email addresses, student identification numbers, and personal messages, among other data. Instructure stored this information together in one place and employed extremely unsafe methods to safeguard it, meaning that any attacker who breached Instructure's databases could obtain information on all of its users at once. When school districts contracted for, or individuals agreed to use, Instructure's services, Instructure committed to securing their confidential data and communications using industry-standard cybersecurity protocols and to maintaining reliable, uninterrupted access to the Canvas learning management system. Instructure failed to honor that critical and essential contractual undertaking.

On April 25, 2026, unauthorized actors appeared to have first accessed Canvas systems. It was not until four days later, however, that Instructure detected this intrusion and worked to revoke unauthorized access. On May 1, 2026, Instructure disclosed this incident on its status page. The next day, it stated that it "believe[d] the incident ha[d] been contained" and added details about which categories of identifying information were stolen for ransom. On May 7, 2026, however, the same threat actors gained additional access through a second Canvas vulnerability. During the height of final exam season, Instructure took Canvas offline in an attempt to contain the attack, disrupting access to the platform. The notorious hacking group ShinyHunters claimed responsibility for the attack and asserted that it had stolen 3.65 terabytes of data from approximately 275 million users, including private messages exchanged between teachers and

students, many of whom are minors. Although Instructure allegedly paid a ransom to prevent the stolen information from being released, Canvas users have already been targeted for fraud, indicating that Instructure's ameliorative measures were ineffective.

The consolidated actions are brought on behalf of two groups of Plaintiffs harmed by the Data Breach. The individual Plaintiffs are Canvas users whose sensitive personal information was compromised. Instructure's inadequate security has forced these users to spend time changing passwords, monitoring their accounts, and guarding against fraud and scams, and they have suffered actual damages, including the lost value of their sensitive data, out-of-pocket losses, and benefit-of-the-bargain losses, among others. The individual Plaintiffs assert common law and state statutory claims, including negligence, breach of fiduciary duty, breach of implied contract, and unjust enrichment.

The School District Plaintiffs are educational institutions that contracted with Instructure and were harmed when Instructure failed to secure their data and maintain reliable access to Canvas. The School District Plaintiffs assert claims including breach of contract and negligence, and seek economic damages flowing from Instructure's conduct—including, *inter alia*, overpayment and benefit-of-the-bargain damages, damages arising from operational disruption and loss of access to Canvas, and compensation for the time, labor, and resources required to respond to the Data Breach, restore educational continuity, communicate with affected students and families, and mitigate its ongoing harms.

As the Plaintiffs were working toward consensus on proposing two tracks for this case—one for individuals and one for institutions—a new case was filed that alleged claims on behalf of educators who have lost the value of work product that was stored on Instructure's systems and

has been deleted. The Plaintiffs in that case propose a third track of cases with distinct leadership, and the other Plaintiffs are now conferring with them.

Each group of Plaintiffs seeks to represent (different) classes of those affected by the Data Breach and to recover all damages available at law and in equity arising from Defendants' misconduct, as well as injunctive and declaratory relief compelling Instructure to upgrade, enhance, and improve its cybersecurity and incident-response practices, and to maintain those improvements.

### 2.   Procedural Background and Prospects for an MDL Motion

#### A. Cases Filed in This District

The first case arising out of the Data Breach was filed on May 5, 2026, in the District of Utah, and 44 additional cases were subsequently filed in this District, one of which (*Rios*) has since been voluntarily dismissed. *See* Appendix A (listing cases and counsel). Most of these cases are brought on behalf of individual Canvas users, while others are brought on behalf of school districts and educational institutions and (as recently asserted and not yet agreed by the group) individual teachers and educators. The Court ordered consolidation of all cases on June 16, 2026, following Defendants' unopposed motion (ECF No. 41). On July 12, 2026, Plaintiff Farah L. Vallera filed a complaint in this case on behalf of the proposed Teacher/Educator Track (ECF No. 101).

#### B. Cases Filed in Other Districts

Seven cases were filed in other districts, and all seven have been transferred to this District: *Hinds v. KKR & Co. Inc., et al.*, No. 2:26-cv-541, originally filed in the Southern District of New York; *Pitts v. Instructure, Inc.*, No. 2:26-cv-604, originally filed in the Southern District of California; *Jane Doe v. Instructure, Inc.*, No. 2:26-cv-558, originally filed in the Western District

of Texas; *Mockert v. Instructure, Inc.*, No. 2:26-cv-605-RJS, originally filed in the District of Minnesota; *Ivey v. Instructure Holdings, Inc.*, No. 2:26-cv-572 (D. Utah), originally filed in the Northern District of California; *Jacobs v. Instructure, Inc.*, No. 2:26-cv-606 (D. Utah), originally filed in the Central District of California; and *Brownlee v. Instructure Holdings, Inc.*, No. 26-cv-4452 (D. Utah), originally filed in the Northern District of California.

### C. Prospects for an MDL Motion

Because all known related cases are now pending in this District, Plaintiffs do not believe that centralization by the Judicial Panel on Multidistrict Litigation is necessary. Should any additional related case be filed elsewhere, Plaintiffs will meet and confer with Defendants regarding transfer to this District, whether by consensus of the parties or through appropriate motions under 28 U.S.C. § 1404. Plaintiffs do not otherwise intend to seek centralization before the Judicial Panel on Multidistrict Litigation unless doing so becomes necessary to bring such cases before this Court.

### 3. Leadership and Liaison Counsel

The Court asked for counsel's views on the appointment of "Liaison Counsel." Those views are informed by the Court's Order and Plaintiffs' counsel's overall leadership proposal, explained in this section.

Some Plaintiffs' counsel are interested in having this discussion as an agenda item, to understand the Court's view and preferences about the role of a Liaison Counsel, and that role relative to other leadership positions that some counsel may wish to propose such as Lead Counsel or Co-Lead and Executive Committee members.

This litigation encompasses at least two "Tracks": Track 1, comprising the individual Canvas users; Track 2, comprising the school districts and institutions that contracted with Instructure. As mentioned above, certain counsel are newly requesting a Track 3, comprising individuals who used the Free-for-Teacher program.

Some counsel view the Order as preferring a single Liaison to be accountable and report to the Court on all matters. That Liaison could coordinate between any number of leadership sub-structures that counsel may be able to agree upon for claims by individuals and claims by schools. Counsel in this group are open to the selection of Lead or Co-Lead Counsel and an Executive Committee below the Liaison. If the case is to be litigated on two tracks, as individual claims and school claims, or another track, then there could be a lead and Executive Committee structure for the sets of claimants.

Some counsel point out that the two-track proposal is similar to a data-breach MDL currently pending against PowerSchool (a competing educational-software provider) in the United States District Court for the Southern District of California. *See In re PowerSchool Holdings, Inc. & PowerSchool Group, LLC Customer Data Security Breach Litigation*, No. 3:25-md-3149 (S.D. Cal.) (ECF No. 221, June 17, 2025). There is no third track in PowerSchool.

As in that case, some Plaintiffs' counsel believe the Court should preliminarily appoint, under Federal Rule of Civil Procedure 23(g), separate interim leadership structures (*i.e.*, Lead/Co-Lead and Liaison) for each Track. On an interim basis, each Track's structure would include Lead or Co-Lead Counsel to direct the litigation, coordinate communications with the Court and defense counsel, and make decisions on litigation positions, briefing, work assignments, and settlement for the benefit of the class and any subclasses; Liaison Counsel to coordinate between the Tracks and

handle communications with the Court; and a separate Executive Committee (along with Liaison Counsel) to assist Lead or Co-Lead Counsel with briefing, discovery, and related tasks.

Plaintiffs' counsel have conferred about leadership:

- **Track 1 counsel**. Counsel in this track represent the individual Canvas users, and they have not yet reached consensus on the appointment of Lead or Co-Lead Counsel, Liaison Counsel, and an Executive Committee, though they believe an agreement may be possible if counsel are given approximately ten days following the Initial Case Management Conference to continue discussions. Assuming an agreement cannot be reached, they request that any Plaintiff's counsel with a pending case in this District (or group of Plaintiffs' counsel) be permitted to submit an application to be appointed as Liaison Counsel, Lead or Co-Lead Counsel, or a member of the Executive Committee for this track no later than August 15, 2026.[2]

- The School District Track has reached unanimous agreement on an interim leadership proposal for its Track, subject to the Court's approval, as follows: Liaison Counsel: Charles H. Thronson of Parsons Behle & Latimer. Lead Counsel: James E. Cecchi of Carella, Byrne, Cecchi, Brody & Agnello, P.C. Executive Committee: Casondra Turner of Milberg, PLLC; Jason L. Lichtman of Lieff Cabraser Heimann & Bernstein, LLP; Tyler S. Graden of Kessler Topaz Meltzer & Check, LLP; Norm Siegel of Stueve Siegel Hanson, LLP; William Shinoff of Frantz

---

[2] Track 1 counsel suggest that applications may include collective proposals from more than one firm or individual applications, and the Court may schedule a hearing or decide the applications on the papers. Counsel propose a briefing page limit of 10 pages for individual applications, or up to 20 pages for applications submitted as a "slate" (not including firm resumes). There appears to be consensus that no opposition or reply briefing is necessary.

Law Group, LLP; Kristen Lake Cardoso of Kopelowitz Ostrow, P.A. (Track 2 counsel will submit a proposed order appointing such counsel shortly following the filing of this report. Some counsel believe that consideration of that proposed order should await the Management Conference discussion.)

- **Track 3 counsel**. As noted above, Plaintiffs are conferring to form positions on Track 3. Some counsel currently plan to propose Track 3 counsel.

### 4.    Potential Additional Parties

The individual Plaintiffs seek to represent a class consisting of all individuals whose personal information was compromised as a result of the Instructure Data Breach on or around May 7, 2026. The School District Plaintiffs seek to represent educational institutions affected by the Instructure Data Breach. The Teacher/Educator Plaintiff seeks to represent individuals who used Canvas's Free-for-Teacher program to create, upload, and store educational material and were subsequently affected by the Instructure Data Breach and Instructure's decision to take the program offline. Plaintiffs in each Track may seek to join additional class representatives as the cases move forward. The following defendants have been named in the respective cases: Instructure, Inc.; Instructure Holdings, Inc.; and KKR & Co. Inc. (Subject to discovery, Plaintiffs may add additional defendants.)

### 5.    Proposed Procedure for Efficient Management of the Cases

In addition to appointing interim leadership for each Track, Plaintiffs' counsel propose that the Tracks periodically submit Reports to the Court, jointly with defense counsel as appropriate, and that the Court hold regular status conferences as needed. Plaintiffs' counsel also suggest that each Track implement a timekeeping protocol and collect monthly lodestar submissions from

Plaintiffs' counsel to ensure that work is performed efficiently and without duplication, with those submissions provided to the Court under seal on a regular basis. Finally, some Plaintiffs believe that the need for and a proposed list of potential Special Masters to handle discovery and related matters should be discussed with Defendants after the Court appoints interim leadership.

6.      **Plaintiffs' Proposed Scheduling Order**

Plaintiffs propose the following initial scheduling order, with the remainder of the pretrial schedule to be proposed by Liaison/Lead Counsel after appointment:

| Event | Proposed Date |
| --- | --- |
| Plaintiffs' Counsel File Motions to Be Appointed Co-Lead Counsel, Liaison Counsel, or Executive Committee | August 15, 2026 |
| Track 1 and Track 2 File Consolidated Complaint | 45 days after order appointing Leadership Counsel |
| Deadline to Amend Pleadings and Join Additional Parties | To be proposed by Lead/Liaison Counsel after appointment |
| Defense counsel confers with Track Leadership re the issues that may be raised on any Rule 12 motion or other motion on the Complaint for possible consensual resolution, and a briefing and hearing schedule for any motion that might be made. | Within 20 days after Consolidated Complaint is filed |
| Counsel Request the Court lift any stay on discovery | Upon appointment of Leadership Counsel |
| Motion to Dismiss | 45 days after the filing of the Consolidated Complaint |
| Oppositions to Motion to Dismiss | 30 days after the filing of the Motions to Dismiss |
| Replies (if any) | 20 days after the filing of Oppositions |

**7.    Procedural or Substantive Issues or Hurdles**

Plaintiffs anticipate the following procedural or substantive issues or hurdles that will likely need to be addressed through motion practice in the early stages of this litigation:

- A consolidated complaint could include a significant number of claims and class representatives that could be stayed during the pendency of motion briefing and discovery. The parties might want to discuss bellwether procedures that have worked in other cases for specific claims or Plaintiffs that could lead to efficiencies.

- Defendants may oppose pseudonym treatment of some Plaintiffs in the consolidated complaint and/or any motion to establish a formal sealing and redaction regime that amends the Standard Protective Order.

- Plaintiffs anticipate that Defendants will seek to challenge the Article III standing of some or all of the class representatives.

- Instructure may attempt to argue that arbitration and/or class waiver agreements apply to some or all of the claims being asserted.

- Some defendants in data breach cases attempt to cloak their business response to the breach and materials regarding the facts of the breach and ransom under attorney-client privilege or the work-product doctrine by involving an attorney in aspects of their investigation and response. Plaintiffs anticipate disputes arising over the production of these materials and contend that, because the incident response and related materials are a business response to a business problem—i.e., the breach—they are discoverable.

- Coordinating discovery among the Tracks, which Plaintiffs anticipate should be manageable through the Court-appointed liaison/leadership structure.

### 8.    Subject Matter Jurisdiction and Venue

Plaintiffs allege that this Court has subject matter jurisdiction over the consolidated actions under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the amount in controversy exceeds $5,000,000, the proposed classes consist of more than 100 members, and minimal diversity exists between the parties. Venue is proper in this District because a substantial part of the events giving rise to Plaintiffs' claims occurred here and Defendants are subject to personal jurisdiction in this District.

### 9.    Discovery Plan, Preservation of ESI, and Protective Order

Because the Court has not yet appointed interim leadership, Plaintiffs propose that a full discovery plan under Rule 26(f)(3)—including any changes to the timing of initial disclosures under Rule 26(a)(1), the subjects on which discovery will be needed and any phasing of discovery, and the forms in which electronically stored information (ESI) will be produced—be submitted by Lead Counsel after their appointment and after conferring with Defendants.

In the interim, Plaintiffs request that the parties be directed to preserve potentially relevant ESI, including materials concerning the Data Breach, Instructure's incident response, and the ransom demand. Plaintiffs further anticipate seeking (i) entry of an order under Federal Rule of Evidence 502(d) to guard against waiver of privilege from the inadvertent production of privileged materials, and (ii) entry of this District's Standard Protective Order under DUCivR 26-2 to protect the sensitive personal information at issue.

The parties will conduct their Attorney Planning Meeting under Federal Rule of Civil Procedure 26(f) and will submit an Attorney Planning Meeting Report and a proposed scheduling order in accordance with DUCivR 16-1 and 26-1 following the appointment of interim leadership. That report will address the timing of the parties' initial disclosures under Federal Rule of Civil Procedure 26(a)(1), the parties' agreement to accept electronic service under Federal Rule of Civil Procedure 5(b)(2)(E), any proposed limitations on the number and length of depositions and the number of interrogatories, and the deadlines for the completion of fact and expert discovery.

**10.      Settlement Prospects and Alternative Dispute Resolution**

Plaintiffs are not presently in a position to assess settlement, which will depend on the appointment of leadership, the filing of a consolidated complaint, and the exchange of information regarding the scope of the Data Breach. Plaintiffs remain willing to discuss appropriate alternative dispute resolution mechanisms, including private mediation, at a stage when such discussions would be productive.

**11.      Jury Demand, Trial Estimate, and Consent to a Magistrate Judge**

Plaintiffs demand a trial by jury on all claims so triable. Because the pleadings are not yet consolidated, Plaintiffs are unable to provide a reliable estimate of trial length at this time and propose to do so in a later joint submission. Plaintiffs do not at this time consent to the assignment of this matter to a magistrate judge for all purposes under 28 U.S.C. § 636(c), without prejudice to revisiting that question as the litigation progresses.

Dated: July 14, 2026                              Respectfully submitted,


/s/ Brent O. Hatch                                /s/ Jason L. Lichtman

Brent O. Hatch                                    Jason L. Lichtman
**HATCH LAW GROUP, PC**                           **LIEFF CABRASER HEIMANN &**
22 East 100 South, Suite 400                      **BERNSTEIN, LLP**
Salt Lake City, UT 84111                          250 Hudson Street, 8th Floor
hatch@hatchpc.com                                 New York, NY 10013
                                                  jlichtman@lchb.com


/s/ Jonathan O. Hafen                             /s/ Justin T. Toth

Jonathan O. Hafen                                 Justin T. Toth
**PARR BROWN GEE & LOVELESS**                     **RAY QUINNEY & NEBEKER, P.C.**
101 South 200 East, Suite 700                     36 S. State Street, Suite 1400
Salt Lake City, UT 84111                          Salt Lake City, UT 84111
jhafen@parrbrown.com                              jtoth@rqn.com


/s/ James E. Magleby                              /s/ Charles H. Thronson

James E. Magleby                                  Charles H. Thronson
**MAGLEBY CATAXINOS, PC**                         **PARSONS BEHLE & LATIMER**
141 West Pierpont Avenue                          201 S. Main, Suite 1800
Salt Lake City, UT 84101                          Salt Lake City, UT 84111
magleby@mcpc.law                                  cthronson@parsonsbehle.com


/s/ Karra J. Porter

Karra J. Porter
**CHRISTENSEN & JENSEN, P.C.**
257 East 200 South, Suite 1100
Salt Lake City, UT 84111
Karra.Porter@cjlaw.com

                                                  *Utah counsel for some of the Plaintiffs.*

                                                  *(Additional counsel listed in Exhibit A)*


13

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, I electronically filed the foregoing Plaintiffs' Joint Initial Case Management Conference Report with the Clerk of the Court using the Court's CM/ECF system, which will send notice to all counsel of record.

/s/ Jason L. Lichtman
Jason L. Lichtman

14