**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| *In Re Instructure Data Breach Litigation* | **MEMORANDUM DECISION AND ORDER DENYING [108] MOTION FOR PRO HAC VICE ADMISSION OF WILLIAM B. FEDERMAN**<br><br>Civil No. 2:26-cv-00374-RJS-CMR<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 25). Before the court is the Motion for Pro Hac Vice Admission (Motion) (ECF 108) filed by Local Counsel. Local Counsel seeks pro hac vice admission for William B. Federman. For the reasons stated below, the court DENIES the Motion because it fails to demonstrate good cause to warrant an exception to this court's local rule regarding pro hac vice admission.

## I.    ANALYSIS

"28 U.S.C. § 2071 and Fed. R. Civ. P. 83 authorize federal courts to promulgate local rules of practice." *Mateo v. Empire Gas Co., Inc.*, 841 F. Supp. 2d 574, 576 (D.P.R. 2012) (citing *United States v. Hvass*, 355 U.S. 570, 575 (1958)). In addition, 28 U.S.C. § 1654, which empowers each federal district to regulate the admission of attorneys, provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." In the District of Utah, attorneys who are not admitted to practice law in Utah may move for admission pro hac vice under the requirements of local rule DUCivR 83-1.1(c).  Local rule DUCivR 83-1.1(c)(1) provides that pro hac vice admission "is not available to any attorney who . . . has already been admitted pro hac

vice in 3 unrelated cases in the previous 5 years in this district, unless the court finds good cause for the attorney not seeking admission to the Utah State Bar." DUCivR 83-1.1(c)(1)(A)(iii).

Mr. Federman's Application for Pro Hac Vice Admission (ECF 108-1) indicates that he has been admitted pro hac vice in this district in four unrelated cases over the past five years (*id*. at 2). Mr. Federman acknowledges that his pro hac vice admissions surpass the Rule's limit and provides the following explanation for why he has not sought admission to the Utah State Bar:

> Mr. Federman specializes in data breach class actions. Data breach class actions are extremely technical and require specialized knowledge from the representing attorneys. Mr. Federman does not intend to practice law in Utah for any extended period beyond these class actions. Given the complexity of these data breach cases and Mr. Federman's experience and success with data breach class action suits, Mr. Federman's participation in this suit will provide a great benefit to the purported class.

(*Id*). Mr. Federman's explanation does not establish good cause for not seeking admission.

Mr. Federman asserts that he specializes in data breach class actions, that he does "not intend to practice law in Utah for any extended period beyond these class actions," and that "his experience will provide a great benefit to the purported class" (*id*.). Earlier in this Matter, this court denied pro hac vice admission to an attorney who offered a similar explanation to that of Mr. Federman (ECF 13). This court concluded that an attorney's specialization or experience in a particular area of litigation is irrelevant to the question of why an applicant with excess pro hac vice admissions should not be required to seek admission to the Utah State Bar (*id*. ("[T]the fact that Mr. Ostrow specializes in litigating specific types of cases is irrelevant to showing why he should not be required to seek admission to the Utah State Bar.")). Here, Mr. Federman's explanation for not applying to the Utah State Bar rests entirely on his specialization or expertise in a particular area of litigation.

Because Mr. Federman provides no explanation for his failure to seek admission to the Utah State Bar other than his specialization and expertise in data breach class actions, the court finds that he has failed to establish good cause under DUCivR 83-1.1(d)(3). Accordingly, the Motion is DENIED.

DATED this 16 July 2026.

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah