Devin S. Anderson (18287)
Michael S. Lehr (16496)
KIRKLAND & ELLIS LLP
95 South State Street
Salt Lake City, Utah 84111
Telephone:  (801) 877-8134
Facsimile:  (801) 877-8101
devin.anderson@kirkland.com
mike.lehr@kirkland.com

Martin L. Roth, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 Wolf Point Plaza
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
rothm@kirkland.com

Cristina M. Squiers (*pro hac vice*)
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
Telephone: (214) 972-1770
cristina.squiers@kirkland.com

*Attorneys for Defendant Instructure, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| *In Re: Instructure Data Breach Litigation* | Case No. 2:26-cv-00374-RJS-CMR <br><br> **DEFENDANT INSTRUCTURE'S RESPONSE TO PLAINTIFFS' INITIAL CASE MANAGEMENT REPORT** <br><br> District Judge Robert J. Shelby <br><br> Chief Magistrate Judge Cecilia M. Romero |

Pursuant to the Court's Order Setting Initial Case Management Conference (Dkt. 68), Defendant Instructure, Inc. ("Instructure") respectfully submits this Response to Plaintiffs' Initial Case Management Report.

## BACKGROUND

Instructure is an education technology company that provides schools software and data-management services. Its web-based learning management system Canvas offers services to schools ranging from course management to assignment delivery and submission, grading, and communication between teachers, students, and parents. Founded and headquartered in Utah, Instructure serves a wide array of colleges, universities, schools, and school districts across the globe and provides—through Canvas—the most used learning management system in the world.

**The Cyberattacks**: On April 29, 2026, Instructure detected unauthorized activity in Canvas notwithstanding its well-resourced and industry-grade cybersecurity program. Instructure immediately revoked the unauthorized party's access, started an investigation, and engaged outside forensic experts. Instructure later learned that a sophisticated cybercriminal organization known as ShinyHunters was responsible for the cyberattack and used highly advanced and novel AI tools to carry out the attack and extract data from the system. ShinyHunters accessed Canvas via a free service that Instructure provides for educators.

On May 7, 2026, ShinyHunters gained access to Canvas through a separate sophisticated cyberattack and posted a ransom message that was visible to certain customer accounts. Instructure temporarily took Canvas offline to contain the activity, investigate, and apply additional safeguards. Due to enhanced security implemented after the first attack, the second attack was detected and disabled *less than 10 minutes* after it began. Further, while no additional data was accessed in the second attack, Instructure chose to take Canvas offline until it could verify the

scope of the attack and fully cut off the cybercriminals' access.  Within hours of the attack, Canvas was back online, and its external forensic partner confirmed that ShinyHunters' access paths were no longer available.

**Instructure's Response:** Instructure ultimately agreed to pay ShinyHunters in exchange for the exfiltrated data. In addition to getting the data back, Instructure obtained assurances and digital confirmation that the threat actor deleted all exfiltrated data and would not disseminate or use it. Instructure has established dark web and intelligence monitoring as a critical component of its response to the attack, and to date, there is no evidence that the exfiltrated data has been disseminated on the dark web or elsewhere.

Since the attacks, Instructure has maintained and regularly updated a central, publicly accessible incident update page. Instructure has also held webinars to provide detailed information about the incident and the company's response.

Instructure's engineering teams have worked tirelessly to harden the environment, enhance monitoring, and make sure that Canvas is safe for use. Instructure has also worked alongside its forensic partners to conduct a detailed forensic review of the data involved in the incident. This data fell into two primary categories: (1) user and provisioning data (such as school email addresses and user IDs), and (2) user messages.  Instructure has communicated regular updates to customers about this data and is working diligently to deliver the data to customers.

**The Consolidated Action**: Instructure will respond to plaintiffs' allegations in due course and will vigorously defend itself against plaintiffs' claims. The three types of plaintiffs in the consolidated action are: (1) a school district with an alleged contractual relationship with Instructure, (2) consumers who allegedly used Canvas through their school's relationship with Instructure, and (3) an educator who allegedly used Canvas's Free-for-Teacher program for her

coursework. Instructure anticipates that, among other things, the absence of any actual harm—

much less common harm—to plaintiffs that can be connected to the cyberattack, the unprecedented

circumstances and sophisticated nature of the attacks, the type of information accessed, and

Instructure's diligent and transparent response to the attacks, will show that plaintiffs do not have

a valid injury for purposes of Article III standing and their substantive claims are otherwise

meritless and not susceptible to class-wide adjudication. Plaintiffs' claims of harm, including

allegedly being "targeted for fraud," are wholly speculative, conclusory, and thus not cognizable

as a matter of law. It is telling that many of the consolidated complaints were hurriedly filed within

hours of the attack with copy-paste, generalized allegations and without knowing what information

was involved or whether any injury occurred. Indeed, the complaints say almost nothing specific

about the plaintiffs or their data.

## CASE MANAGEMENT CONFERENCE

As a general matter, Instructure will be prepared at the upcoming case management

conference to discuss all issues raised in plaintiffs' case management report. The response below

details specific points of disagreement with plaintiffs' report to assist the Court in addressing these

matters in the most efficient manner.

1.      Leadership and Liaison Counsel

While plaintiffs have yet to agree on a lead counsel structure for their "Track 1" (individual

Canvas users) or "Track 3" (individuals who used the Free-for-Teacher program) cases, they

propose a liaison counsel, lead counsel, and an executive committee for "Track 2" (educational

institution plaintiffs). The executive committee is comprised of six different lawyers from six

different law firms. This proposal does not make sense. It is confusing and inefficient given that

there is only one case—out of nearly 50 cases—that falls in the Track 2 bucket. *See Moore Public

Schools v. Instructure, Inc., et al.*, Case No. 2:26-cv-00472 (D. Utah). Further, many of the counsel

proposed to serve in these various leadership roles are not listed as counsel in that single case. Efficiency will be better served without leadership or liaison counsel for this single case with a single plaintiff.

In complex and class action litigation, lead counsel "act[s] for the group" and "coordinate[s] the efforts of others" in service of "achieving efficiency and economy." *White v. Med. Rev. Inst. of Am., LLC*, 2022 WL 2905665, at *2 (D. Utah July 22, 2022) (citing *Ann. Manual Complex Lit.* § 10.221 (4th ed.)). Similarly, executive committees "are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." *Id.*

This rationale does not apply to Track 2 given that there is a single plaintiff in a single case in that track. Thus, Instructure believes there is no need for lead counsel, liaison counsel, or an executive committee for this track, especially when some of the proposed committee members are not counsel of record for that plaintiff. Thus, at the case management conference, defense counsel would like to address plaintiffs' lead counsel proposal for Track 2.

2.    Plaintiffs' Proposed Procedure for Case Management and Scheduling Order

Plaintiffs first propose certain procedures for "efficient management of the cases" that include periodic reports submitted to the Court, as well as "regular status conferences." Instructure believes these requests are premature at this stage of the litigation and proposes instead that the parties focus on the initial phase of the case: appointment of lead counsel, the filing of consolidated complaints, and briefing on motions to dismiss.

To that end, Instructure proposes the following modifications to plaintiffs' schedule:

| Event | Proposed Date |
|---|---|
| Plaintiffs' Counsel File Motions to Be Appointed Co-Lead Counsel, Liaison Counsel, or Executive Committee | August 15, 2026 |

| Track 1 and Track 2 File Consolidated Complaint | 45 days after order appointing Leadership Counsel |
|---|---|
| Deadline to Amend Pleadings and Join Additional Parties | To be proposed by Lead/Liaison Counsel after appointment |
| Defense counsel confers with Track Leadership re the issues that may be raised on any Rule 12 motion or other motion on the Complaint for possible consensual resolution, and a briefing and hearing schedule for any motion that might be made. | Within ~~20~~ 30 days after Consolidated Complaint is filed |
| ~~Counsel Request the Court lift any stay on discovery~~ Deadline for defense counsel to move to stay discovery pending the resolution of Defendants' motions to dismiss | ~~Upon appointment of Leadership Counsel~~ Within 30 days after Consolidated Complaint is filed |
| Motion to Dismiss | ~~45~~ 60 days after the filing of the Consolidated Complaint |
| Oppositions to Motion to Dismiss | ~~30~~ 45 days after the filing of the Motions to Dismiss |
| Replies (if any) | ~~20~~ 45 days after the filing of Oppositions |

Given that Plaintiffs propose at least two consolidated complaints across nearly 50 cases and contemplate a third consolidated complaint with unique issues, a short extension of time for the motion-to-dismiss briefing is warranted.

Further, plaintiffs propose a time by which they can request the Court to lift any stay of discovery. Instructure would instead propose a date by which it would file a motion to stay discovery pending the resolution of its motions to dismiss the consolidated complaints and does not believe a Rule 26(f) conference should be held or a Rule 16(b) scheduling order should be entered until that motion is resolved. Instructure anticipates making threshold arguments, including lack of Article III standing and contractual bars to plaintiffs' lawsuits, that would make early discovery unnecessarily burdensome for Instructure while posing no prejudice to plaintiffs who are not seeking any sort of emergency relief. As this Court has noted in another complex, putative class action, such a stay "conserve[s] judicial resources by waiting until the court resolves

6

threshold issues before becoming mired in possible discovery disputes." *In re Broiler Chicken Grower Litig.*, 2017 WL 3841912, at *5 (E.D. Okla. Sept. 1, 2017) (Shelby, J.); *see also In re Church of Jesus Christ of Latter-Day Saints Tithing Litig.*, 2024 WL 4349160, at *2 (D. Utah Sept. 30, 2024) (Shelby, J.) (granting stay of discovery pending resolution of motion to dismiss in complex class action).

Instructure looks forward to discussing these issues and any others of interest to the Court at the upcoming conference.

Dated this 16th day of July, 2026                    Respectfully submitted,

/s/ Devin S. Anderson

Devin S. Anderson (18287)
Michael S. Lehr (16496)
KIRKLAND & ELLIS LLP
95 South State Street
Salt Lake City, Utah 84111
Telephone: (801) 877-8134
Facsimile:  (801) 877-8101
devin.anderson@kirkland.com
mike.lehr@kirkland.com

Martin L. Roth, P.C. (*Pro Hac Vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile:  (312) 862-2200
rothm@kirkland.com

Cristina M. Squiers (*pro hac vice*)
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
Telephone: (214) 972-1770
cristina.squiers@kirkland.com

*Attorneys for Defendant Instructure, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2026 I filed a true and correct copy of the foregoing

**DEFENDANT INSTRUCTURE'S RESPONSE TO PLAINTIFFS' INITIAL CASE MANAGEMENT REPORT** via the Court's CM/ECF system, which automatically effectuated

service on all parties of record in this matter.

/s/  Devin S. Anderson
Devin S. Anderson

8