**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **IN RE: INSTRUCTURE DATA BREACH LITIGATION** | **APPLICATION OF MAUREEN M. BRADY FOR APPOINTMENT AS TRACK 1 LIAISON COUNSEL OR SETTLEMENT COUNSEL** |
| | Case No. 2:26-cv-00374-RJS-CMR |
| | District Judge Robert J. Shelby<br>Chief Magistrate Judge Cecilia M. Romero |

Pursuant to Case Management Order No. 2 (Dkt. 141), Maureen M. Brady of McShane & Brady applies for appointment as Liaison Counsel for Track 1 or Settlement Counsel. For over a decade Ms. Brady has litigated data breach cases from every seat at the leadership table—lead, co-lead, liaison, and executive committee—in some of the largest such proceedings on record. That experience taught her what determines whether a case of this size moves or stalls. A case of this complexity requires organization, relationship building both on the Plaintiffs' and Defendant's sides, candor with the Court, and a structure in which every lawyer knows the deadline, the assignment, and the reason for both. That is the work of both Liaison Counsel and Settlement Counsel, and Ms. Brady does it well.

## I.      The Specific Leadership Role Sought.

Ms. Brady seeks appointment as Liaison Counsel or Settlement Counsel for Track 1. Either of these positions is where her experience and abilities will do the Class the most good. Several of the applicants before this Court are lawyers she knows well and supports without reservation. She asks to serve alongside them in the role she is best suited to fill.

## II.      Ms. Brady Has Held This Position, and Analogous Roles, in Comparable Litigation.

Ms. Brady was appointed Liaison Counsel in *In re T-Mobile 2022 Customer Data Security Breach Litigation*, No. 4:23-md-03073-BCW (W.D. Mo.), the successor to MDL No. 3019, in which she served on the Executive Committee and which resolved for $500 million. She has also served as court-appointed lead or co-lead counsel in *In re Mednax Services, Inc. Customer Data*

1

*Security Breach Litigation*, No. 21-md-02994-RAR (S.D. Fla.) ($6 million recovery); *In re BetterHelp, Inc. Data Disclosure Cases*, No. 3:23-cv-01033-RS (N.D. Cal.); *In re Fortra File Transfer Software Data Security Breach Litigation*, No. 24-md-03090-RAR (S.D. Fla.) (Lead Counsel, Track 3); and *In re Perry Johnson & Associates Medical Transcription Data Security Breach Litigation*, No. 24-md-3096 (RPK)(LGD) (E.D.N.Y.) (Lead Counsel, Track (f)). Two of those appointments bear directly on this case. Both *Fortra* and *Perry Johnson* were multi-track proceedings, and Ms. Brady's charge in each was to keep one track moving in coordination with— not at the expense of—the others. That is the coordination problem this Court's three-track structure presents, and Ms. Brady has solved it before.

Ms. Brady has additionally been appointed to plaintiffs' executive committees in *Cabezas v. Mr. Cooper Group, Inc.*, No. 3:23-cv-02453-N (N.D. Tex.); *Owens v. MGM Resorts International*, No. 2:23-cv-01480-JAD-VCF (D. Nev.); *Jenkins v. DaVita, Inc.*, No. 1:25-cv-01358-DDD-SBP (D. Colo.); and *Garland v. Dollar Tree*, No. 2:23-cv-0128 (M.D. Fla.).

## III.    Experience Managing and Participating in Complex Litigation.

Ms. Brady has litigated more than 500 class and individual actions arising from the wrongful disclosure of private information, taken hundreds of depositions on privacy and data-security obligations, and built working relationships with the forensic, damages, and notice experts these cases require. She has briefed and argued dispositive motions against the same defense firms that appear in this space repeatedly—and has done so while maintaining good professional relationships between counsel those cases depend on. She consolidates overlapping filings without requiring the Court's intervention: in *In re: Cognizant Technology Solutions Corporation and TriZetto Provider Solutions, LLC Data Security Breach Litigation*, MDL No. 3185, Master Case No. 4:26-md-03185-JAR (E.D. Mo.), she organized related actions across four districts, obtained informal jurisdictional discovery, and successfully briefed and argued venue before the Judicial Panel on Multidistrict Litigation for centralization in the Eastern District of Missouri.

In 2025, Missouri Lawyers Weekly named her a Law Firm Leader, has placed her on The Power List of the Top 30 Commercial & Consumer Litigators in Missouri every year since 2020,

2

and awarded her its first-ever Innovator's Award for developing the causes of action in field of privacy litigation.

## IV.    Knowledge of the Subject Matter of This Litigation.

This case concerns the compromise of personal information entrusted to an education technology provider by the students, families, and institutions that depend on its platforms. Ms. Brady has already litigated the questions this Court will face: Article III standing and the sufficiency of injury allegations; the duty to safeguard information under state common law and analogous statutory schemes; negligence and negligence *per se*; contract and third-party beneficiary theories arising from institutional service agreements; and the damages models available to disclosure victims. She has litigated these claims on behalf of minors, including in *K.A. v. Children's Mercy Hospital*, No. 4:18-cv-00514-RK (W.D. Mo.), which survived successive motions to dismiss on arguments closely resembling those expected here. If the Track 1 class includes minors, Ms. Brady will bring to it the command of consent, guardianship, notice, and approval issues those claims demand.

## V.    Resources and Infrastructure.

McShane & Brady is a woman-owned firm Ms. Brady co-founded in 2013 with Lucy McShane. It maintains a dedicated class action practice with the attorney and paralegal support, document review capacity, e-discovery vendor relationships, and case management infrastructure a proceeding of this size demands. The firm has advanced substantial costs in each of the MDLs identified above and will do so here. Ms. Brady's CV is submitted herewith as Exhibit 1. Additional detail regarding the firm's financial capacity is available in camera at the Court's request.

## VI.    How Ms. Brady Will Serve as Liaison Counsel or Settlement Counsel.

Ms. Brady is not licensed in Utah. She has been admitted *pro hac vice* in this matter and will maintain association with Utah local counsel as required by DUCivR 83-1.1. Neither fact constrains either role. Both the Liaison Counsel's and Settlement Counsel's function is organizational and collaborative, not just jurisdictional: both positions exist to give the Court one

3

reliable point of contact and to keep dozens of lawyers rowing in the same direction and advancing the case. Ms. Brady is well versed in the Federal Rules of Civil Procedure and makes it her practice to master the local rules and individual practice standards of every court in which she appears— as she has in the Western District of Missouri, the Northern District of California, the Southern District of Florida, and the Eastern District of New York, among others. She has reviewed this Court's local rules and case management orders and will comply with them from the day of appointment.

If appointed, Ms. Brady will: (i) serve as the point of contact between the Court and Track 1 plaintiffs' counsel and be reachable by chambers on short notice; (ii) build and maintain the master service list, master docket, and a master calendar governing every deadline, hearing, and deposition in Track 1; (iii) review filings for compliance with the local rules and this Court's orders and deliver courtesy copies to chambers; (iv) convene and chair meet-and-confer conferences with defense counsel on scheduling, discovery, and case management, and report the results to the Court candidly; and, (v) coordinate with counsel for Tracks 2 and 3 to eliminate duplicated effort and conflicting deadlines;

Both Liaison Counsel and Settlement Counsel must be trusted by the Court, by plaintiffs' counsel, and by the defense at the same time. Ms. Brady's national reputation rests on precisely that: courts have appointed her to roles requiring it, repeatedly, and defense counsel who have faced her across multiple proceedings continue to deal with her productively. She will earn it here.

## VII.    Attorneys with Whom Ms. Brady Has Effectively Collaborated.

Pursuant to Paragraph 6(a), Ms. Brady identifies several applicants with whom she has worked effectively and whose applications she supports. Ms. Brady and James J. Pizzirusso of Hausfeld LLP have collaborated in data privacy and consumer class proceedings. He is thorough, well prepared, and consistently advances the case rather than his own position within it. Ms. Brady has also worked closely with Amber L. Schubert of Schubert Jonckheer & Kolbe, Sabita J. Soneji of Tycko & Zavareei, and Kennedy Brian of Siri Glimstad, including in *In re: Cognizant Technology Solutions Corporation and TriZetto Provider Solutions, LLC Data Security Breach*

*Litigation*, MDL No. 3185, Master Case No. 4:26-md-03185-JAR (E.D. Mo.), where Ms. Brady was appointed Interim Co-Lead Class Counsel and Ms. Schuber, Ms. Soneji and Ms. Brian were appointed to the Executive Committee. Each divides work, avoids duplication, and meets deadlines without being chased. Ms. Brady supports each of their applications and would serve alongside any of them without hesitation.

**VIII.   Conclusion.**

Ms. Brady has held this position before in a data breach MDL of comparable scale and is prepared to assume it here on the day of appointment. She respectfully requests appointment as Liaison Counsel for Track 1.

Dated: August 14, 2026

Respectfully submitted,

*/s/ Maureen M. Brady*
Maureen M. Brady (MO Bar No. 57800)
(admitted *pro hac vice*)
MCSHANE & BRADY, LLC
4006 Central Street
Kansas City, MO 64111
Telephone: (816) 888-8010
Facsimile: (816) 332-6295
Email: mbrady@mcshanebradylaw.com
Applicant for Track 1 Liaison Counsel
or Settlement Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2026, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's CM/ECF system.

*/s/ Maureen M. Brady*
Maureen M. Brady

5