Gary F. Lynch
(Admitted *Pro Hac Vice*)
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243
gary@lcllp.com

*Counsel for Plaintiff(s) in*:
*Schneider v. Instructure, Inc. d/b/a Canvas by Instructure,*
Case No. 2:26-cv-00417 (D. Utah)

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN RE: INSTRUCTURE DATA BREACH LITIGATION <br><br> This Document Relates To: <br><br> Track 1 Cases | **APPLICATION OF GARY F. LYNCH FOR APPOINTMENT AS TRACK 1 PLAINTIFFS' CO-LEAD CLASS COUNSEL** <br><br> Case No. 2:26-cv-00374-RJS-CMR <br><br> District Judge Robert J. Shelby <br><br> Chief Magistrate Judge Cecilia M. Romero |

My name is Gary F. Lynch, and, pursuant to Case Management Order No. 2, I respectfully submit this application to serve as Co-Lead Class Counsel.

### **Experience in Consolidated/Coordinated Data Breach Litigation**

It is no secret that, in the last decade or so, there has been a proliferation of data breach and privacy litigation. The emergence of this practice area has coincided with my "coming of age" as a plaintiff class action lawyer and, starting with the *Target* payment card data breach litigation in 2013, I have focused my practice on representing both consumers and financial institutions as plaintiffs in data breach litigation. I have served in various leadership capacities in many of the largest and most well-known data breach cases, including serving as co-lead counsel in the *Home Depot*, *Equifax*, *Wendy's*, *Wawa*, *Comcast*, and *MOVEit* data breach cases.[1] Collectively, the data breach cases in which I served as lead counsel have resulted in settlements worth hundreds of millions of dollars, not counting the on-going *MOVEit* case. I personally know and have worked directly with nearly all the attorneys seeking a leadership role in this case and consider myself lucky to be part of what has become a fairly tight-knit group of data breach lawyers across the country. I have had the opportunity to both lead my peers and be led by my peers in prosecuting this type of litigation. For this reason, and others highlighted herein, I humbly suggest that I am well-suited to serve in a leadership role in this matter.

My attached firm resume sets forth a detailed list of my experience in serving as lead counsel in consolidated data breach litigation, as well as serving in various other leadership roles in such cases. I have practiced law for more than 35 years (and counting!), representing plaintiffs in the litigation of complex/class actions for most of my career. I have class action trial experience

---

[1] Full citations and case numbers for these actions are in my firm resume, which is attached hereto, along with my individual biography, as Exhibit A.

and have handled appeals of such cases all the way to the United States Supreme Court.[2]  Unlike many class action litigators, I grew my practice from the ground up by starting my own firm in 1992, after beginning my career in 1989 as a new associate at Reed Smith's Pittsburgh office.  Not having an established legacy firm to fall back on, I have had to be not only a lawyer, but also an entrepreneur and businessman throughout my career.  I believe the skills I developed in fighting to establish my practice and running my business over the years have made me a better lawyer, especially when serving as lead counsel in large, consolidated cases, where there is a need to manage other lawyers and build consensus.

With the support of my firm, Lynch Carpenter LLP, which now has 25-plus attorneys across offices in Los Angeles, San Diego, Philadelphia, and Pittsburgh, I have been fortunate to have had a hand in developing the law in favor of data breach and privacy victims.  In 2018, for example, in a case of first impression, I argued in favor of applying traditional common law protections against the mishandling of digitally stored data in the Pennsylvania Supreme Court case of *Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018), where the Court recognized a general common law duty to reasonably safeguard electronically accessible information from cyber-attack.  *See id.* at 1047. More recently, my firm is helping to pioneer the civil enforcement of two-party consent wiretapping statutes as a means of protecting website users' privacy.  In this regard, I successfully argued the appeal in *Popa v. Harriet Carter Gifts, Inc.*, 45 F.4th 687 (3d Cir.), *amended on rehearing*, 52 F.4th 121 (3d Cir. 2022), wherein the Third Circuit held that a website owner and a

---

[2]  In 2018, in *Verma v. 3001 Castor Inc.*, No. 2:13-cv-03034 (E.D. Pa.), I served as co-lead trial counsel and obtained a $4.59 million jury verdict on behalf of a class of misclassified workers at a Philadelphia nightclub, in a trial over which Senior District Judge Anita B. Brody presided. In 2012, I served as counsel of record before the United States Supreme Court in *Genesis HealthCare Corp. v. Symczyk,* 569 U.S. 66 (2013), addressing whether Rule 68 of the Federal Rules of Civil Procedure can be used to moot a Fair Labor Standards Act collective action.

data collection company could not avoid liability under the applicable wiretapping statute for intercepting an online shopper's data.

### Ability to Work Cooperatively and Collaboratively with Others

The most important role of lead counsel is developing and implementing successful litigation strategies by fostering collaboration among the various plaintiffs' counsel. This requires a leadership approach built upon trust and honest brokering. With my "Pittsburgh-style" bluntness and directness, I believe I have established that trust with my peers.

Among the other attorneys I know to be applying for leadership positions in this case, I have worked very closely with E. Michelle Drake of Berger Montague P.C.; we currently serve as co-lead counsel on the *MOVEit* case. I also have worked very closely with James J. Pizzirusso of Hausfeld LLP on a number of matters over at least the past 10 years, including *MOVEit* and *Target*. I consider these attorneys close colleagues and friends who I would eagerly serve with again.

I also have an established track record of working efficiently and collaboratively with opposing counsel to streamline the litigation process. For example, in the *Wendy's* data breach, I proposed that the choice of law question should be front-loaded for discovery and put to the court for early disposition, pursuant to Fed. R. Civ. P. 16(c)(2)(L) and consistent with Fed. R. Civ. P. 1. The court accepted this novel procedural approach, a decision which ultimately resulted in a $50 million settlement for the class.[3]

---

[3] When the parties presented the *Wendy's* settlement for approval under Fed. R. Civ. P. 23, the court noted the collaboration between the parties: "I've spent lots of quality time with the lawyers in this room who have always conducted themselves as very professional individuals and have worked together in a difficult and challenging case in a very constructive way. . . And as involved as this case was, if every case I had was as well-organized and professionally presented as this case has been, my life would be much easier…The briefs I got in this case and any filings were just so well-done and detailed. And my law clerks and I have discussed that a number of times. So, I want to thank counsel for the way you have conducted yourselves and the way you've all presented this case." Hon. Maureen P. Kelly, Tr. of Nov. 6, 2019 Final

**Time and Resources**

If appointed as Co-Lead Class Counsel, I pledge to commit as much time as necessary to this litigation.  I am fully supported by the great data breach/privacy lawyers in my firm and have the ability to coordinate my other work.  Currently, I am personally appointed to a lead counsel role in four consolidated/MDL cases, and committee roles in another three cases, none of which will impede my ability to lead this litigation.  Finally, my firm has the resources and financial experience to support my participation in this litigation, having been previously involved in this type of consolidated/coordinated litigation.

**Judges and Special Masters Familiar With My Work**

- *In re MOVEit*: District Judge Allison D. Burroughs, D. Mass.

- *In re Home Depot*, *In re Equifax*: Senior District Judge Thomas W. Thrash, Jr., N.D. Ga.

- *Comcast*: District Judge John Milton Younge, E.D. Pa.

- *Wendy's*: Magistrate Judge Maureen P. Kelly, W.D. Pa.

**Proposed Structure for Track 1**

In my experience, the key to an effective leadership team is balance in terms of size, and a selection of people with a mix of backgrounds and experience.  If the structure is too large, it becomes difficult for lead counsel to effectively supervise and coordinate the work being done, and can lead to bloated lodestar and expenses.  If the team is too small, there is a risk that the plaintiffs' side team will be at a competitive disadvantage in terms of headcount and resources, and that the team will lack the diversity of viewpoints and experiential knowledge that tend to result in the best strategic decisions.

---

Approval Hr'g, *First Choice Federal Credit Union v. The Wendy's Company*, (W.D. Pa.) (on file with counsel).

This case has structural similarities to two other recent, large cases I am involved in, *MOVEit* and *Change Healthcare*. Based on my observations about the needs of those cases compared to this case, my suggestion to the Court for Track 1 of this case would be a team of three co-lead counsel, one liaison counsel, and an executive committee of six additional attorneys.

## Conclusion

For these reasons, I respectfully submit this application to serve as Co-Lead Class Counsel.

Dated: August 14, 2026                    Respectfully submitted,

**LYNCH CARPENTER LLP**

By: */s/ Gary F. Lynch*
Gary F. Lynch
(Admitted *Pro Hac Vice*)
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243
gary@lcllp.com

*Counsel for Plaintiff(s) in*:
*Schneider v. Instructure, Inc. d/b/a Canvas by Instructure,*
Case No. 2:26-cv-00417 (D. Utah)

## CERTIFICATE OF SERVICE

I hereby certify that, on August 14, 2026, I electronically filed the foregoing APPLICATION OF GARY F. LYNCH FOR APPOINTMENT AS TRACK 1 PLAINTIFFS' CO-LEAD CLASS COUNSEL, and supporting materials, using the Court's CM/ECF system, which automatically sends notice of such filing(s) to all counsel of record in this matter.

I further certify that, on August 14, 2026, I also e-mailed courtesy copies of the foregoing application and supporting materials to UTDecf_Shelby@utd.uscourts.gov, as required by Case Management Order No. 2 (Aug. 7, 2026) [No. 141].

*/s/ Gary F. Lynch*
Gary F. Lynch