**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **IN RE: INSTRUCTURE DATA BREACH LITIGATION** | No. 2:26-cv-00374-RJS-CMR<br>District Judge Robert J. Shelby<br>Chief Magistrate Judge Cecilia M. Romero |

**APPLICATION OF GRAYSON WELLS FOR APPOINTMENT TO THE EXECUTIVE COMMITTEE FOR TRACK 1 PLAINTIFFS**

Pursuant to the Court's Case Management Order No. 2 (ECF No. 141), Grayson Wells of Stranch, Jennings & Garvey, PLLC ("SJG"), counsel of record for Plaintiffs in *Hall v. Instructure, Inc.*, No. 2:26-cv-00397 and *Nelson v. Instructure, Inc.*, No. 2:26-cv-00396 respectfully submits this application for appointment to the proposed Executive Committee for Track 1 Plaintiffs in the above-captioned action. Specifically, Plaintiffs Hall and Nelson propose between one and three overall lead counsel in Track 1, with an executive committee broken down by specific roles.

## I. Proposed Structure

Plaintiffs Hall and Nelson propose that the Court appoint between one and three overall lead counsel. Though a sole lead is possible in a case of this size, appointing up to three individuals to lead Track 1 may prove beneficial. Indeed, a sole lead could create bottlenecks in workflow, task management, and work-product review that may slow down Plaintiffs prosecution of the case. At least two, and up to three, overall lead counsel would allow for overall leadership tasks to be shared, and for additional lead attorneys to be available to cover hearings, provide additional funding, and to account for any scheduling conflicts due to other cases or pre-planned vacations. Nevertheless, Plaintiffs Nelson and Hall contend that any more than three co-lead positions would provide no further benefit and would instead create inefficiencies.

Next, Plaintiffs Hall and Nelson propose that the Court appoint an executive committee to work at the direction of overall lead counsel. In many data breach class actions, courts appoint generalized executive committees without specifying any roles of the individual members. In this case, however, Plaintiffs Hall and Nelson propose that the Court assign specific roles to maximize efficiency. For example, specific individuals could be appointed to lead settlement efforts, to work with experts, to work on plaintiff-side discovery, and to focus on discovery directed to Defendant, among other potential positions. In this application, Mr. Wells seeks an appointment focused either on discovery directed to Defendant or focused on expert discovery. Moreover, Plaintiffs Hall and Nelson believe that a local liaison position would be beneficial. Data breach litigation is a specialized, national practice. Because of this, an individual with unique understanding of the local courts, rules, and practices would be especially beneficial to the proposed Track 1 Class.

## II. <u>Mr. Wells' Qualifications and Knowledge of the Subject Matter</u>

Grayson Wells of Stranch, Jennings & Garvey is a partner in SJG's complex litigation practice group. At the direction of Managing Partner J. Gerard Stranch, IV, Mr. Wells leads the firm's data breach and medical pixel class action practice group. Mr. Wells has led numerous data breach class actions to successful result and has participated in hundreds more. Before joining SJG, Mr. Wells served as a defense lawyer, where he gained valuable experience defending corporate clients and serving as cybersecurity incident response counsel wherein Mr. Wells led companies through the perils of recovering from a cyberattack while still meeting their statutory notice obligations to inform affected consumers and state and federal authorities. The experience as incident response counsel gives Mr. Wells a unique perspective into how defense lawyers formulate response to cybersecurity events, to inquiries from government authorities, and how they prepare for data breach litigation.

Moreover, Mr. Wells brings nearly thirteen years of advanced technical experience in cybersecurity, network engineering, and information systems—experience rarely found in attorneys litigating data privacy matters. Mr. Wells started his professional career when he enlisted in the U.S. Air Force, where he was assigned to a career in network and cybersecurity engineering. In this capacity, Mr. Wells was responsible for managing and maintaining highly secure network systems and environments while stationed in Germany, Iraq (as part of Operation Iraqi Freedom), and in other roles not fit for public consumption. After his time in service, Mr. Wells was the senior network engineer for the 160th Special Operations Aviation Regiment at Fort Campbell, Kentucky. After leaving the special forces community, Mr. Wells entered the civilian world as the senior network engineer in charge of global infrastructure at an international law firm. Then, Mr. Wells served as a senior engineering consultant for a large IT consulting firm.

Beyond his technical experience, Mr. Wells holds a Master of Science in Cybersecurity Risk Management and a Bachelor of Science in Computer Science. Moreover, as a lawyer, Mr. Wells has made it a point to focus on privacy and technology matters and has developed significant subject matter expertise in data breach litigation—including the claims and defenses brought in these cases. Given Mr. Wells' legal and technical expertise, he is well suited to serve the proposed Class here. For more information, see the SJG firm resume attached as Exhibit 1.

## III. <u>Mr. Wells' Prior Service and SJG'S Resources</u>

Mr. Wells has substantial experience litigating and resolving data breach and other consumer privacy class actions across the country. He has served in significant leadership roles in numerous high-profile privacy cases in addition to the hundreds of cases he has litigated.[1]

[1] *See, e.g.*, *Gurule et al. v. CCI Fin. Inc.*, No. 1:25-cv-00133 (D. Utah); *Privett et al. v. David Evan Enters.*, No. 3:26-cv-00766 (D. Ore.); *Foxie v. Maryville Academy*, No. 2025CH5909 (Cook Cnty. Cir. Ct. Ill.); *Kannberg et al v. Artemis Healthcare, Inc. et al.*, No. 3:26-cv-00003 (M.D. Tenn.); *In re Southern Graphics, Inc. Data Breach Litig.*, No. 3:25-cv-563 (W.D. Ky.); *Hoover v. ASM*

Beyond Mr. Wells' individual expertise, he will have the full support of Stranch, Jennings & Garvey's complex litigation team, including Managing Partner J. Gerard Stranch IV, one of the nation's preeminent consumer class action litigators. Indeed, Mr. Wells is further supported by a team of lawyers and staff that report to him directly, including six associates and counsel who are primarily focused on consumer privacy class actions. Further, Mr. Wells is supported by the SJG firm at large, which currently includes forty lawyers across offices in Tennessee, Missouri, California, and Nevada, with additional attorneys operating in Kentucky and New York.

Given the number of lawyers at SJG operating in diverse practices, SJG has ample resources to contribute to this litigation, both in terms of attorney time and monetary funds. Thus, in addition to having many attorneys to lend to the case, SJG has the resources necessary to litigate this matter without the assistance of any outside funding. Indeed, other than contributions from co-counsel, SJG does not accept litigation funding from outside sources—nor does it need to.

## IV. Mr. Wells Has Worked Collaboratively with Many Applicants

As of the time of filing this application, Mr. Wells is unaware of the full scope of individuals who will file applications, but he is nevertheless committed to working collaboratively with any appointed counsel—as he has done in all cases. Nevertheless, Mr. Wells is actively litigating cases with several individuals and firms who are likely to file applications. Moreover, Mr. Wells is actively leading cases with some individuals who will file applications, and Mr. Wells

---

*Global Parent, Inc.*, No. 2:24-cv-101794 (C.D. Cal.); *Mazmanian et al. v. LCPTracker, Inc.*, No. 8:24-cv-2701 (C.D. Cal.); *Roller v. Constar Fin. Servs. et al.*, No. CV2025-024604 (Ariz. Super. Ct.); *Richardson v. Cumberland Heights Found., Inc.*, No. 24-1258-I (Tenn. Ch. Ct.); *Springer et al. v. Johnson & Wales Univ.*, No. 1:24-cv-00399 (D.R.I.); *Mason v. Wright Bros. Constr. Co., Inc.*, No. 2024CV286 (Tenn. Ch. Ct.); *Cirillo et al. v. Physicians' Primary Care of Sw. Fla. P.L.*, No. 2024-CA-007737 (Fla. Cir. Ct.); *Corralejo v. Lucent Health Sols., LLC*, No. 25C2679 (Tenn. Cir. Ct.); *Green et al. v. Pineland Community Serv. Bd.*, No. SUCV2025000254 (Ga. Super. Ct.); *Rivera v. Sirva Relocation, LLC*, No. 2026CH000111 (Ill. Cir. Ct.); *Webster v. Bradford-Scott Data*, No. 1:24-cv-00117 (N.D. Ind.); *Eisenberg v. Oak View Grp., LLC*, No. 1:26-cv-02742 (D. Colo.); and *Moran v. Ariel Corp.*, No. 24NG12-0399 (Ohio Ct. Comm. Pls.).

would be happy to work with them in this matter as well. For example, SJG was appointed co-lead counsel in *In re Boyd Gaming Corp. Brech Litigation*, No. 2:25-cv-1814 (D. Nev.) with James Pizzirusso of Hausfeld LLP, along with other counsel. In addition to working with Gary Lynch of Lynch Carpenter in other cases, Mr. Wells is currently applying for co-lead with Mr. Lynch's firm in *Hartwell et al. v. Sysco Corp.*, No. 4:26-cv-4834 (S.D. Tex.). SJG also co-led *Lurry v. Pharmerica Corp.*, No. 3:23-cv-297 (W.D. Ky.) with E. Michelle Drake of Berger Montague, P.C.—a large data breach class action that was recently granted final approval. Moreover, Mr. Wells and SJG have worked collaboratively with Maureen Brady of McShane & Brady on several occasions, including in the ongoing litigation *Negron et al. v. Ascension Health et al.*, 4:24-cv-00669 (E.D. Mo.) and in *Cook et al. v. New Liberty Hospital*, No. 24CY-CV00681 (Mo. Dist. Ct.), which SJG and Ms. Brady's firm co-led to successful resolution. Further, Mr. Wells was just appointed this week to co-lead another data breach class action, *Christian v. Clover Health Investments Corp.*, No. 3:26-cv-1035 (M.D. Tenn.), with Israel David of Israel David, LLC.

Mr. Wells and his firm have worked collaboratively with these and many other individuals in the past and will do so again if given the honor of a leadership position here.

## V. <u>Conclusion</u>

Given Mr. Wells' deep technical background, experience both as a plaintiffs' lawyer and as a defense lawyer, demonstrated leadership abilities, and the institutional resources of his firm, he is more than qualified to serve as a member of the Executive Committee here. The appointment of Mr. Wells ensures the Class is armed with counsel that understands the technical details of data breach litigation, how defense lawyers respond to data breaches, and who has the unique ability to speak the languages of both the lawyers and the experts.

Dated: August 14, 2026 Respectfully submitted,

*/s/ Grayson Wells*
Grayson Wells (*Pro Hac Vice*)
**STRANCH, JENNINGS & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: 615.254.8801
gwells@stranchlaw.com

Attorney for Plaintiffs in *Hall v. Instructure, Inc.* and *Nelson v. Instructure, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2026, I electronically filed the foregoing Application with the Clerk of Court using the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record. I further certify that a courtesy copy of this Application has been emailed to UTDecf_Shelby@utd.uscourts.gov, as required by Case Management Order No. 2.

*/s/ Grayson Wells*
Grayson Wells (*Pro Hac Vice*)