**REESE LLP**
Michael R. Reese (California State Bar 206773)
(admitted *pro hac vice* to the District of Utah)
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Ph: 310-393-0070
Email: *mreese@reesellp.com*

*Counsel for Plaintiff Jaquel Pitts*
*and Proposed Lead Counsel for the Putative California Statutory Damages Class*
*(Transferred to District of Utah from Southern District of California)*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| *IN RE: INSTRUCTURE DATA BREACH LITIGATION* | Case No. 2:26-cv-00374-RJS-CMR<br><br>**APPLCATION OF MICHAEL R. REESE FOR APPOINTMENT AS LEAD COUNSEL FOR THE TRACK 1 CALIFORNIA STATUTORY DAMAGES CLASS**<br><br>District Judge: Robert J. Shelby<br><br>Chief Magistrate Judge: Cecilia M. Romero |

Michael R. Reese – a member of the California state bar since 2000 and counsel for plaintiff Jaquel Pitts in the matter of *Pitts v. Instructure, Inc.* transferred to the District of Utah from the Southern District of California – hereby moves for appointment as lead counsel for the California statutory damages class (hereafter, "California Statutory Damages Class") that is discussed in detail below. Per this Court Order dated August 7, 2026 (ECF No. 141):

- Mr. Reese has the ability and is willing to commit to the litigation of the above-captioned matter, particularly in light of the fact that his appointment as California class counsel in a similar data breach matter (the *LastPass Data Breach Litigation* discussed in detail below) has essentially concluded with a successful multi-million dollar class settlement of the *LastPass Data Breach Litigation*;

- Mr. Reese previously has been appointed to represented Californians as their court-appointed class counsel with respect to California's law that provides for statutory damages to Californians in data breach litigation. His prior experience makes him particularly well-suited to do the same in the above-captioned action;

- Mr. Reese has a strong record of working cooperatively with other plaintiffs' counsel, as reflected by the fact that Mr. Reese has been appointed as co-lead counsel in a number of large class actions (including MDLs);

- As part of his role as court-appointed class counsel in numerous MDLs and other large class action litigation, Mr. Reese has significant experience in successfully managing complex litigation;

- Mr. Reese and his firm have the resources to advance this litigation in a timely manner. Mr. Reese and his firm have never taken litigation financing and therefore remain independent of any bank or other lender in deciding litigation strategy; and

- Reese LLP is comprised of a diverse and talented team of attorneys across the United States, including in New York, New York; Minneapolis, Minnesota; Austin, Texas; and San Francisco, Orange County and Los Angeles, California.

## A. Separate California Counsel Should be Appointed to Represent the California Statutory Damages Class

Unlike most of the members of the proposed class for which attorneys are seeking leadership appointment, Californians have statutory damages that apply in a data breach such as that presented in this action. Specifically, the California Consumer Privacy Act, California Civil

Code § 1798.100 *et seq.* ("CCPA"), provides for statutory damages of between $100 and $750 for Californians. CCPA statutory damages are not available to plaintiffs who do not reside in California. As a result of this tension between Californians entitled to CCPA statutory damages and the non-Californians who cannot recover under the CCPA, the Court should appoint counsel for the California class who is different than counsel representing non-California class members. That appointment will ensure that Californians are adequately represented and that their claims are not compromised by conflicts with non-California class members.

Notably, Mr. Reese has specific experience representing Californians and protecting their CCPA statutory rights to ensure the absence of conflict. Notably, in the recently settled matter of *LastPass Data Security Incident Litigation*, case no. 1:22-cv-12047-PBS (D. Mass.) ("*LastPass Data Breach Litigation*"), Mr. Reese was appointed pursuant to Federal Civil Procedure Rule 23 as separate counsel for a California statutory damages class (while other counsel were appointed to represent the non-California members of the class). Because of this separate appointment of Mr. Reese as California class counsel, California CCPA class members received $100 under the settlement in the *LastPass Data Breach Litigation*, whereas the non-Californian members of the class received only $25. Moreover, the California CCPA class members were entitled to receive the $100 statutory payment regardless of whether or not they paid for defendant LastPass's services; in stark contrast, only those non-California members who actually paid for defendant LastPass's services were entitled to the $25.[1] This significant result on behalf of Californian class members would not have been achieved in the *LastPass Data Breach Litigation* but for the

[1] A copy of the settlement agreement in the *LastPass Litigation* is available here *https://www.lastpasssettlement.com/Content/Documents/Settlement%20Agreement.pdf* at page 20, ¶ 76(b)(i)-(ii).

appointment of Mr. Reese as separate counsel by the presiding court to specifically protect the interests of California class members.

The results in the *LastPass Data Breach Litigation* underscore why separate counsel needs to be appointed here on behalf of the California Statutory Damages Class, and why Michael R. Reese should be that attorney. Without Californians receiving appointment of their own counsel, their interests likely would not be sufficiently protected and they would not receive CCPA statutory damages. In fact, this scenario has happened frequently in cases where separate counsel for Californians have not been appointed. For example, in *Owens v. MGM Resorts International et al.*, master case no. 2:23-cv-01480-RFB (D. Nevada)("*MGM Resorts Data Breach Litig.*"), no separate counsel was appointed for the CCPA statutory damages for Californians.[2] Consequently, no CCPA statutory damages were part of the settlement in that case. Unfortunately the result in the *MGM Resorts Data Breach Litigation* is typical in data breach litigation where no separate counsel is appointed for a California statutory damages class. *See e.g., Hardy et al. v. GeoLogics Corp.,* case no. D-1-GN-26-001299 (District Court of Travis County, Texas, 250th Judicial District) *("GeoLogics Corp. Data Breach Litig.")*(no separate counsel appointed for the CCPA statutory damages for Californians and, consequently, no statutory CCPA damages made available to Californians);[3] *Brooks v. Alta Resources Corp.*, case no. 2025CV001142 (Winnebago County Circuit Court, Wisconsin)("*Alta Resources Data Breach Litig.*")(no separate counsel appointed for the CCPA statutory damages for Californians and, consequently, no statutory CCPA damages made available to Californians);[4] *Lehrbach v. EMM Loans, LLC,* case no. 1:25-cv-02040 (D. N.J.)

---

[2] *See https://mgmdatasettlement.com/Content/Documents/Settlement%20Agreement.pdf* at p. 17.
[3] *See https://geologicscorpdatasettlement.com*
[4] *See https://altaresourcessettlement.com*

(no separate counsel appointed for the CCPA statutory damages for Californians and, consequently, no statutory CCPA damages made available to Californians).[5]

Moreover, a member of the California bar should be appointed to lead the California Statutory Class to avoid the unauthorized practice of law. *See California Business & Professions Code* ¶¶ 6125, 6126. Indeed, "it is a crime in California to engage in unauthorized law practice. This means that if you are not licensed as an attorney by the California State Bar, you cannot practice law in the state, nor can you provide legal advice or representation to anyone who resides in the state."[6] As stated above, Mr. Reese has been a member of the California state bar for over twenty-five years and actively practices in California's state and federal courts. Accordingly, there is no concern regarding unauthorized practice of law on behalf of Californians by Mr. Reese.

**B. California Attorney Michael R. Reese Should be Appointed to Represent the California Statutory Damages Class**

Given the concerns discussed above, Mr. Reese should be appointed to represent the California Statutory Damages Class. Mr. Reese is a respected leader in class action litigation, having extensive experience litigating class actions in California state and federal courts and elsewhere. Mr. Reese has been a member of the California state bar since 2000 and has litigated dozens of class actions on behalf of Californians in California state court and federal courts for the Northern, Southern, Eastern and Central Districts of California. *See, e.g., Mitchell, et al. v. Intero Real Estate Services*, No. 5:18-cv-05623-BLF (N.D. Cal.); *Red v. Unilever United States, Inc.*, No. 5:10-cv-00387 (N.D. Cal.); *Yoo v. Wendy's International Inc.*, No. 07-cv-04515-FMC (C.D. Cal.); and *Wong v. Alacer Corp.*, case no. CGC-12-519221 (San Francisco Superior Court).

In recognition of his skill, experience, and ability to work well with others, Mr. Reese has

[5] *See https://emmloansdatasettlement.com*
[6] *Id.* (quoting *https://www.egattorneys.com/unauthorized-practice-of-law-bpc-6125*).

frequently been appointed as co-lead counsel in multi-district litigations, including, but not limited to *In re Fairlife Milk Products Marketing and Sales Practices Litig.*; case no. 1:19-cv-03924-RMD (N.D. Illinois); *In re Hill's Pet Nutrition, Inc. Dog Food Products Liability Litig.*, case no. 19-md-2887-JAR-TT (D. Kansas); and *In re Frito-Lay N.A. "All-Natural" Sales & Marketing Litig.*, case no. 12-md-02413-RRM-RLM (E.D.N.Y.).

Finally, in addition to being a litigator, Mr. Reese is a strong advocate of giving back to the legal community. He is a frequent guest lecturer at the University of California, Los Angeles School of Law ("UCLA"). Mr. Reese also sits on the advisory boards of UCLA's Resnick Center. Mr. Reese also serves as a president of a commission for the Union Internationale des Avocats ("UIA") – a global, non-profit organization focused on human rights and other important legal issues. As part of his duties as a member of the UIA, Mr. Reese gave a presentation in Paris, France in 2024 on U.S. data breach litigation.

A copy of Mr. Reese's firm resume is attached hereto as Exhibit 1.

**CONCLUSION**

For the reasons stated above, Mr. Reese should be appointed as lead counsel of the proposed California Statutory Damages Class.

DATED this 14th day of August, 2026

Respectfully submitted,

*/s/ Michael R. Reese*
Michael R. Reese (Cal. State Bar 206773)
(admitted pro hac vice to District of Utah)
REESE LLP
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Ph: 310-393-0070
Email: mreese@reesellp.com

*Counsel for Plaintiff Jaquel Pitts and Proposed Lead Counsel for the Putative California Statutory Damages Class*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on August 14, 2026, the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

/s/ *Michael R. Reese*
Michael R. Reese