# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| **IN RE: INSTRUCTURE DATA BREACH LITIGATION**<br><br>*This Document Relates to Track 1* | Case No. 2:26-cv-00374-RJS-CMR<br><br>**[PROPOSED] ORDER APPOINTING TRACK 1 LEADERSHIP STRUCTURE**<br><br>District Judge -Robert J. Shelby<br>Chief Magistrate Judge Cecilia M. Romero |

This matter having come before the Court on the submission of case management proposals by counsel for plaintiffs and defendants; and the Court having conducted an initial case management conference on Wednesday, July 22, 2026 in Courtroom 3.100, United States District Court for the District of Utah, 351 South West Temple Street, Salt Lake City, Utah 84101; and having heard the positions of counsel, and having considered the subsequent submission of 24 applications for leadership roles, the Court makes the following findings and orders as follows:

## I. Creation of the ~~School~~ Individual Track 1

The Court having heard from all parties concerning the creation of separate litigation tracks to efficiently manage this litigation, the Court concludes that in light of the dist~~r~~inct issues surrounding the ~~school~~ cases (including separate classes and claims), the creation of an ~~educational or school~~individual track, with independent counsel under Rule 23(g) of the Federal Rules of Civil Procedure, is appropriate ("~~School~~ Individual Track" or "Track 1").

## II. The Individual Track Leadership

1. **Co-Lead Counsel.** In no particular order, James J. Pizzirusso of Hausfeld LLP Tina Wolfson of Ahdoot & Wolfson, PC, and E. Michelle Drake of Berger Montague PC shall serve as Lead Counsel for the Individual Track.

2. Plaintiffs' ~~School~~ Individual Track Lead Counsel shall discharge, without limitation, the following duties for the ~~School~~ Individual Action:

a. Determine and present to the Court and opposing parties the position of all matters arising during pretrial proceeding;

b. Coordinate the initiation and conduct of discovery consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this court;

c. Coordinate with members of their separate Plaintiffs' Executive Committee ("PEC") for the ~~in~~ management of the litigation and fund the necessary and appropriate costs of discovery and other common benefit efforts, including the maintenance of a Plaintiffs' document depository;

d. Coordinate settlement discussions or other dispute resolution efforts on behalf of the Plaintiffs, under the Court's supervision;

e. Coordinate with counsel assigned to leadership and steering committee positions in the ~~School~~ Individual Action and Tracks 2 (Schools) and 3 (Teachers) for purposes of conducting discovery and other matters in furtherance of the effective, efficient, and economical coordination of this litigation;

f. Delegate specific tasks to other counsel in the matter to ensure that pretrial preparation is conducted effectively, efficiently, and economically;

schedules are met; and unnecessary expenditures of time and expense are avoided;

g. Consult with and employ consultants or experts, as necessary;

h. Enter into stipulations with opposing counsel necessary for the conduct of the litigation;

i. Encourage full cooperation and efficiency among all Plaintiffs' counsel;

j. Prepare and distribute periodic status reports to the parties;

k. Maintain adequate time and disbursement records covering service of designated counsel and establishing Time and Expense guidelines, ~~for approval by the Court,~~ as to the keeping of time records and expenses;

l. Determine reasonable compensation for non-leadership counsel commensurate with their contributions from a settlement fund, if any, or a verdict;

m. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

n. Present all matters of common concern to Plaintiffs;

o. Perform such other duties as may be incidental to proper coordination with the PEC's pretrial activities or as authorized by further order of the Court; and

p. Submit, if appropriate, additional committees and counsel for designation by the Court.

**III. Plaintiffs' Executive Committee**. The duties for members of the PEC include the coordination and oversight of pretrial activities. The PEC shall ~~also~~ manage and coordinate (under

the direction of Lead Counsel) all pretrial proceedings on behalf of the Plaintiffs, including and without limitation, discovery, motion practice, and hearings, ensuring consistency and efficiency across all cases. Subject to further orders of the Court, the PEC Members for the ~~School~~ Individual Action are identified as follows, in no particular order:

Amber L. Schubert
SCHUBERT JONCKHEER & KOLBE LLP
2001 Union Street, Suite 200
San Franscisco, CA 94123
Telephone: (415) 788-4220
aschubert@sjk.law

Nikolas J. Hagman
CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP
135 S. Lasalle St., Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
nhagman@caffertyclobes.com

Sabita J. Soneji
TYCKO & ZAVAREEI LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808
ssoneji@tzlegal.com

Arthur M. Murray
MURRAY LAW FIRM
701 Poydras Street, Suite 4250
New Orleans, LA 70139
Telephone: (504) 525-8100
amurray@murray-lawfirm.com

Beena M. McDonald
CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP
361 W. Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
bmm@chimicles.com

Grayson Wells
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gwells@stranchlaw.com

**IV. Liaison Counsel.** Jonathan Hafen of Parr Brown Gee & Loveless, 101 S. 200 E., Suite 700, Salt Lake City, UT 84111, Telephone: (801) 532-7840, jhafen@parrbrown.com, is appointed as Liaison Counsel for the ~~School~~ Individual Action. Liaison Counsel will be charged with administrative matters. ~~Notwithstanding the appointment of Liaison Counsel, each counsel shall have the right to participate in all proceedings before the court as fully as such counsel deems necessary.~~ Liaison Counsel shall not have the right to bind any party as to any matter without the consent of ~~counsel for that party~~Lead Counsel, except Liaison Counsel's own clients. Further, Liaison Counsel shall remain free to represent the interests and positions of ~~their~~ his clients free

of any claim (including without limitation any claim of conflict) arising from service as Liaison Counsel. Liaison Counsel will be expected to do the following as needed and coordinate responsibilities with Co-Lead Counsel:

a. Act as the primary contact between the court and Plaintiffs' counsel;

b. Maintain an up-to-date, comprehensive Service List of Plaintiffs and promptly advise the court and defense counsel of changes to Plaintiffs' Service List;

c. Receive and distribute to Plaintiffs' counsel, as appropriate, orders, notices, and correspondence from the Court, to the extent such documents are not electronically filed;

d. Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from defense counsel that are not electronically filed;

~~e. Establish and maintain a document depository;~~

~~f.~~e. Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party;

~~g.~~f. Assist Lead Counsel and the PEC in resolving scheduling conflicts among the parties and coordinating activities, discovery, meetings, and hearings, including with Tracks 2 and 3;

~~h.~~g. Maintain a file-endorsed copy of this Order, and serve the same on the parties and/or their attorneys in any actions later instituted in, removed to, or transferred to, these proceedings;

i. Maintain records of receipts and disbursements advanced by members of the PEC and received by the PEC, and report in writing to the PEC concerning disbursements and receipts;

j. Act as the treasurer for any common benefit assessments and expenses; and

k.h. Perform such other functions necessary to effectuate these responsibilities or as may be expressly authorized by the Co-Lead Counsel or further orders from the court.

V. **Court Correspondence**. All communications from Plaintiffs on the School Individual Track, or on behalf of the putative Class, with the Court should be through Lead Counsel appointed for the School Individual Track or Liaison Counsel. Lead Counsel may direct file in this Court so long as Lead Counsel adheres to each of this Court's Rules. If circumstances require direct correspondence with the Court by non-appointed individual counsel, copies of any said communications shall simultaneously be served upon Lead Counsel or and Liaison Counsel.

**IT IS SO ORDERED.**

Dated: ________________

______________________________
HON. ROBERT J. SHELBY, U.S.D.J.