# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN RE: INSTRUCTURE DATA BREACH LITIGATION<br><br>*This Document Relates to Track 1* | **TRACK 1 PROTOCOL FOR COMMON BENEFIT WORK AND EXPENSES**<br><br>Case No. 2:26-cv-00374-RJS-CMR<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Cecilia M. Romero |

Co-Lead Counsel for Track 1 hereby adopts the following guidelines for the management of case-staffing, timekeeping, cost reimbursement, and related common benefit issues for Track 1.

**A. <u>Participating Counsel & Eligible Fees and Expenses</u>**

The recovery of common benefit attorneys' fees and cost reimbursements will be limited to "Participating Counsel." "Participating Counsel" are Co-Lead Counsel, Plaintiffs' Executive Committee (PEC), and Liaison Counsel (along with members and staff of their respective firms) (*see* Case Management Order No. 3), and any other counsel authorized by Co-Lead Counsel or the Court to perform work that may be considered for common benefit compensation.

Co-Lead Counsel will delegate specific tasks to other Participating Counsel as necessary, and in a manner that ensures efficient and effective representation of plaintiffs and the putative class. In the event that Participating Counsel are unsure if the action they are about to undertake is considered Common Benefit Work, they shall ask Co-Lead Counsel in advance. Tasks that are not approved by Co-Lead Counsel will not be compensated.

Participating Counsel shall be eligible to receive common benefit attorneys' fees and reimbursement of costs and expenses only if the time expended and costs incurred were (a) for the

common benefit of plaintiffs and the putative class; (b) timely (as provided herein) submitted; and (c) reasonable.

Eligibility does not pre-determine payment of fees and costs. If and to the extent that this litigation is certified as a class action under Fed. R. Civ. P. 23 for purposes of resolution and/or trial, any award of fees and costs will be governed by Fed. R. Civ. P. 23. The Court retains its discretion to evaluate any costs or expenses submitted by counsel for reasonableness.

**B. Reporting & Auditing**

Co-Lead Counsel will be jointly responsible for collecting monthly common benefit time and expense submissions from Participating Counsel and ensuring that unnecessary or duplicative time expenditures are avoided. On a regular basis which shall rotate on a schedule, Co-Lead Counsel will audit such submissions for compliance with the directives set forth in this protocol. Where appropriate for efficiency and accuracy and in combination with human review, the auditing process will incorporate technological assistance and artificial intelligence. Co-Lead Counsel will inform Participating Counsel should their submissions not comply with the directives set forth in this protocol.

**C. Compensable Common Benefit Work**

"Common Benefit Work" includes all work done and expenses incurred that inure to the common benefit of plaintiffs and the putative class in this action.

Examples of compensable and non-compensable work include, but are not limited to:

- **Co-Lead Counsel Meetings:** Co-Lead Counsel shall limit the number of conference calls and group meetings that include multiple counsel and shall limit participation to necessary attendees.

- **Consolidated Pleadings and Briefs:** (i) factual and legal research and preparation of consolidated or amended class action complaints and related briefing; (ii) responding to inquiries from class members; (iii) communications with clients in response to Co-Lead Counsel's requests regarding proposed class representatives; (iv) comments and suggestions regarding the consolidated or amended class action

complaints and briefs; and (v) class-related issues and related briefing are compensable.

- **Depositions:** Co-Lead Counsel shall exercise discretion, judgment, and prudence to designate the appropriate number of attorneys to participate in any given deposition commensurate with the nature of that deposition, so as to avoid over-staffing. Time and expenses for Participating Counsel not designated as one of the authorized questioners or otherwise authorized to attend the deposition by Co-Lead Counsel may not be considered Common Benefit Work.

- **Periodic Status Conferences:** Individual attorneys are free to attend any status conference held in open court to stay up to date on the status of the litigation, but except for Co-Lead Counsel and Participating Counsel authorized by Co-Lead Counsel to attend (or their designees), attending and listening to such conferences is not compensable Common Benefit Work. All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their respective clients. Mere attendance at a status conference will not be considered Common Benefit Time, and expenses incurred in relation thereto will not be considered common benefit expenses. The attorneys designated by Co-Lead Counsel to address issues that will be raised at a given status conference or requested by Co-Lead Counsel to be present at a status conference are working for the common benefit, and their time will be considered for the common benefit. Similarly, any attorney whose attendance at a status conference is specifically requested by the undersigned (or by any other judge presiding over this matter or Court-appointed Special Master) to address a common issue may submit his or her time and expenses for such attendance for evaluation as Common Benefit Work.

- **Identification and Work-Up of Experts:** Communications with and retention of experts—with the knowledge and approval of Co-Lead Counsel—will be considered Common Benefit Time, subject to the discretion of the Court.

- **Discovery and Document Analysis:** Only discovery and document analysis authorized by Co-Lead Counsel will be considered Common Benefit Work. Descriptions associated with "document analysis" or "document review" should contain sufficient detail to allow those reviewing the time entry to generally ascertain what was reviewed. The descriptions should include, for example, the custodian of the document, search query, and/or number of document folders reviewed or Bates ranges.

- **Review of Court Filings and Orders:** While all attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their respective clients, only Participating Counsel, when working on assignments that require them to review, analyze, or summarize those filings or orders in connection with their particular assignments, are doing so for the common benefit. All other counsel are reviewing those filings and orders for their own benefit and that of their respective clients and such review will not be considered Common Benefit Work.

- **Emails and Correspondence:** Except for Co-Lead Counsel and their assigned attorneys and staff, time recorded for reviewing emails and other correspondence is not compensable unless germane to a specific task being performed by the receiving or sending attorney. Thus, for example, review of an email or other correspondence sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable as Common Benefit Work.

**D. Travel Limitations**

Only reasonable expenses will be reimbursed. Except in unusual circumstances approved by Co-Lead Counsel, all travel reimbursements are subject to the following limitations:

- **Airfare:** For routine domestic flights, only the price of a refundable and convenient coach fare seat or its equivalent will be reimbursed. For international travel or transcontinental flights with a total duration exceeding four hours, business class, or if business class is not available, first class, maybe reimbursed at Co-Lead Counsel's discretion. Private or charter travel will not be reimbursed.

- **Hotel:** Hotel room charges for the average available room rate of a reasonable business hotel will be reimbursed. Unusually high hotel charges may be reviewed by Co-Lead Counsel and disallowed.

- **Meals**: Meal expenses must be reasonable. Unusually large meal expenses maybe reviewed by Co-Lead Counsel and disallowed. Charges for alcohol are not to be submitted and will be disallowed.

- **Cash Expenses:** Miscellaneous cash expenses for which receipts generally are not available (e.g., tips, luggage handling) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

- **Automobile Rental:** Automobile rentals must be reasonable for the date and location of the rental. Unusually high car rental charges may be reviewed by Co-Lead Counsel and disallowed.

- **Mileage:** Mileage claims must be documented by stating origination point, destination, and total actual miles for each trip. The rate will be the maximum rate allowed by the Internal Revenue Service.

**E. Non-Travel Limitations**

- **Long Distance, Conference Call, and Cellular Telephone Charges:** Common benefit long distance, conference call, and cellular telephone charges are to be reported at actual cost.

- **<u>Shipping, Overnight, Courier, and Delivery Charges</u>:** All claimed Common benefit shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

- **<u>Postage Charges</u>:** Common benefit postage charges are to be reported at actual cost.

- **<u>Telefax Charges</u>:** Common benefit fax charges shall not exceed $0.50 per page.

- **<u>In-House Photocopy</u>:** The maximum charge for common benefit in-house copies is $0.15 per page.

- **<u>Computerized Research — Lexis, Westlaw, or Bloomberg</u>:** Claims for Lexis, Westlaw, Bloomberg, or other computerized legal research expenses should be in the actual amount charged to the firm and appropriately allocated for these research services.

Each expense entry should be individually itemized as detailed and specific as reasonably practical. Descriptions such as “Filing and Service Fees,” “Service of Process,” “Plane Ticket,” “Investigation Fees,” “Hearing Transcript,” and “Deposition Services” are not sufficient. Every entry must describe the task for which the expense was incurred in enough detail to reasonably identify what the expense was, who incurred it, why it was incurred, and how it related to Common Benefit Work. For example: What was filed and on behalf of whom? Who was served with what document and on behalf of whom? What hearing transcript was requested and for what purpose? For whom was the plane ticket purchased, for air travel from where to where, on what dates of travel? (The same goes for hotels, taxis, car services, tips, meals, and any other travel-related expenses.) Expense entries without sufficient detail may be rejected at Co-Lead Counsel’s discretion.

Attorneys shall provide receipts for all expenses at the time of submission. Hotel costs must be proven with the full hotel invoice. The description of unclaimed expenses on the invoice may be redacted.

### F. <u>Common Benefit Timekeeping Protocols</u>

#### 1. Recording Requirements

All time must be accurately and contemporaneously maintained. Participating Counsel shall keep contemporaneous billing records of the time spent in connection with Common Benefit Work on this action, indicating with specificity the hours (in tenth-of-an-hour increments) and billing rate, along with a description of the particular activity (such as "conducted deposition of John Doe"). Descriptions must bear sufficient detail to identify the precise task and how it relates to Common Benefit Work. Individuals identified in time descriptions must be described by at least their first initial and last name.

#### 2. Hourly Rates

Counsel shall record their then-present hourly rates for all attorneys and staff. Although counsel may seek an award of fees based on their hourly rate at the time a settlement or judgment is reached to account for the delay in payment,[1] their billing records shall be prepared and recorded at the then-present rates in monthly time reports submitted to Co-Lead Counsel. Counsel shall not bill a rate other than their standard rates at the time the work is performed. Use of these rates does not guarantee their payment.

#### 3. Document Analysis and Review

Co-Lead Counsel will seek bids for any vendor services and strive to get the best services for the best price without sacrificing quality.

A document hosting and review platform will be used, and procedures will be put in place to monitor how much time is spent analyzing documents and to monitor the efficiency and quality

[1] The use of a current hourly rate for all hours billed is a permissible way to account for delay in payment. *See, e.g.*, *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 609 (9th Cir. 1997); *In re Washington Public Power Supply Systems Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994).

of analysis. Co-Lead Counsel may provide such services in-house, at an expense at or below a third-party vendor.

Co-Lead Counsel may use junior associates, contract attorneys, and staff attorneys for initial document analysis and coding; mid-level associates, contract attorneys, and staff attorneys for higher level analysis and coding; and senior attorneys (including partners, as necessary) for top-tier analysis and quality control. Lawyers who perform initial document analysis and coding will be billed at an hourly rate capped at the lesser of the timekeeper's regular rate or $400.00 per hour.

### G. Common Benefit Expenses Protocol

#### 1. Shared Costs

"Shared Costs" are costs that will be paid out of the Litigation Fund administered by Co-Lead Counsel. Each Co-Lead Counsel and Executive Committee member shall contribute to the fund at times and in amounts sufficient to cover plaintiffs' expenses for the administration of this action. The timing and amount of each assessment will be determined by Co-Lead Counsel, and each assessment will be paid within 14 days as instructed by Co-Lead Counsel. Failure to pay assessments may be grounds to seek removal from the appointments made in previous Court orders or other common benefit assignments.

Shared costs are costs incurred for the common benefit of plaintiffs and the putative class. No client-related costs shall be considered Shared Costs, unless authorized by Co-Lead Counsel and approved by the Court. Invoices for the Shared Costs must be submitted to Co-Lead Counsel for direct payment by Co-Lead Counsel from the Litigation Fund. Co-Lead Counsel will track the expenses paid from the Litigation Fund and may engage Liaison Counsel to assist in or oversee that process.

All costs that meet these requirements and fall under the following categories shall be

considered Shared Costs and qualify for submission and payment directly from the Fund:

- Court, filing, and service costs related to common issues;
- Court reporter and interpreter costs for depositions;
- Document (both electronic and hard copy) depository creation, operation, staffing, equipment, and administration;
- Co-Lead Counsel out-of-house or extraordinary administration matters (e.g., expenses for equipment, technology, courier services, long distance, electronic service, photocopy and printing, secretarial/temporary staff, meetings and conference calls, etc.);
- Legal, tax, and accountant fees relating to the Fund;
- Expert witness and consultant fees and expenses for experts whose opinions and testimony would be generic and for the common benefit of plaintiffs and the class;
- Printing, copying, coding, and scanning related to the above (only out-of-house or extraordinary firm costs);
- Research by outside third-party vendors/consultants/attorneys, approved by Co-Lead Counsel;
- Translation costs related to the above, approved by Co-Lead Counsel;
- Bank or financial institution charges relating to the Fund;
- Investigative services, approved by Co-Lead Counsel; and
- Any assessment paid by Co-Lead Counsel, or any other firm from whom such assessment was requested by Co-Lead Counsel.

Although expenses should be pre-approved by Co-Lead Counsel and invoices directly submitted to Co-Lead Counsel for payment, should reimbursement be necessary, Co-Lead Counsel shall prepare and be responsible for distributing reimbursement procedures and the associated forms. Requests for payments from the Fund for common benefit expenses shall include sufficient information to permit Co-Lead Counsel and a Certified Public Accountant to account properly for costs and to provide adequate detail to the Court if necessary.

**2. Held Costs**

"Held Costs" are those that will be carried by each attorney in this action and reimbursed as and when Co-Lead Counsel determines to do so. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the common benefit of all actions in this action. No client-specific costs can be considered Held Costs, other than certain common benefit costs relating to class representatives at the discretion of Co-Lead Counsel. Held Costs shall be recorded in accordance with the guidelines set forth in this protocol, and in the monthly expenses tab reflected in Exhibit A.

Held Costs shall be subject to the travel and administrative limitations set forth in this protocol.

**H. Protocols for Submission of Time and Expenses**

**1. Format**

For Co-Lead Counsel to maintain all time submissions in a fully sortable and searchable format, all the time and expense submissions must be provided by submitting counsel using the Excel forms provided with this protocol. This means that each monthly submission will consist of one Excel file, within which there will be three "sheets" (marked by tabs at the bottom): "Monthly Time Report," "Monthly Time Report Totals," and "Monthly Expenses Report."

In the "Monthly Time Report," the person who performed each task should be identified in the column called "Last Name, First Name" by their complete last name, a comma, and their complete first name (e.g., Smith, John). Please do not use abbreviations or initials in this column.

In all reports, the date must be provided in month/day/year format (e.g., 5/23/26).

**2. Deadlines**

Time submissions shall be made to Co-Lead Counsel on a monthly basis, by deadlines and in accordance with the guidelines set forth in this protocol. The first submission is due on October

20, 2026, and should include all time and expense from inception of work on this action through September 30, 2026. After this first submission, each monthly submission shall be submitted on the 20th of the month to the email address provided by Co-Lead Counsel, and should include all common benefit time and expenses incurred from the first to the last day of the preceding month.

Although counsel should endeavor to submit all common benefit expenses incurred in a certain month in the submission made on the 20th of the next month, the realities of third-party billing and credit card statement schedules may make such quick expense submission difficult in some circumstances. Thus, submissions of “supplemental” common benefit expense reports will be permitted for those expenses incurred during the previous six months that—because of circumstances outside the submitting counsel’s control—could not have been submitted by the deadline. Any common benefit expenses submitted more than six months in arrears may not be considered or included in any compilation of common benefit expense calculation and may be disallowed, except for good cause shown and with approval of Co-Lead Counsel.

Supplemental submissions of common benefit time will be permitted only for good cause shown and with the approval of Co-Lead Counsel.