Jonathan O. Hafen (6096) (jhafen@parrbrown.com)
Carissa A. Uresk (18114) (curesk@parrbrown.com)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, UT 84111
Telephone: (801) 532-7840

*Liaison Counsel for the Individual Users Track (Track 1)*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **IN RE: INSTRUCTURE DATA BREACH LITIGATION**<br><br>*This Document Relates to All Tracks* | **PLAINTIFFS' UNOPPOSED MOTION FOR SEPARATE COMPLAINTS FOR EACH TRACK**<br><br>Case No. 2:26-cv-00374-RJS-CMR<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Cecilia M. Romero |

In Case Management Order No. 3, the Court "conclude[d] that this case should proceed on an interim basis on three tracks: Track 1 (Individual Users Track); Track 2 (School District Track); and Track 3 (Educator Track)." ECF No. 174 at 1. Co-Lead Counsel for all three tracks now write jointly to respectfully request leave to file separate complaints for each track, rather than a single consolidated complaint combining the claims of all three tracks. Defendants do not oppose the filing of separate complaints for each track, provided that additional time to respond to the separate complaints is provided as proposed below. The consolidated complaint deadline is approaching quickly on October 8, 2026, and Plaintiffs respectfully request the Court's approval of the filing of track-specific complaints at the Court's earliest convenience.

In this motion, Co-Lead Counsel address the issues raised at the July 22, 2026, Case Management Conference (CMC), including Federal Rule of Civil Procedure ("Rule") 7, provide examples of cases with multi-track proceedings in which each track filed its own complaint, and discuss the ability of the Court and the parties to coordinate cases efficiently and effectively, notwithstanding individual pleadings.

As discussed below, allowing separate complaints for each track creates efficiencies in distinguishing the differing claims and distinct absent class member interests, while still allowing coordination among the tracks to minimize duplication, coordinate discovery, and work collaboratively to streamline proceedings and issues based on their relevance to each track.

**A. The Court's implementation of a three-track structure best serves the needs of this case.**

Contractually and factually, each of the tracks has a different relationship with Instructure. As a result, each of the three tracks has different legal claims and damages even though the underlying data breach remains common.

Track 1's claims primarily concern common law and statutory negligence and privacy issues pertaining to individual users, with litigation expected to focus on injury, damages, and standing specific to individual users.

Track 2's claims primarily concern enterprise contractual relationships Instructure has with school districts and educational institutions across the country and breach of contract and service-level damages that resulted from the data breach.

Track 3's claims primarily concern disputes pertaining to the Free-For-Teacher ("FFT") offering, and specific contractual terms between direct FFT account holders and Instructure resulting in damages—including claims for Instructure cutting off access to educator-created

course content post data breach—that are distinct from the privacy or institutional harms asserted by Tracks 1 and 2. These claims also seek preservation and return of that content.

**B. Each track should be permitted to file its own consolidated class action complaint.**

Separate consolidated class action complaints by each track is the most efficient mechanism to implement the Court's multi-track structure.

Rule 42, under which this Court consolidated the dozens of matters filed in this action, grants courts the discretion to determine the extent to which matters are consolidated (e.g., for pretrial matters, like discovery, only) and to "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42 (a). *See also* ECF No. 41, 6/16/26 Order to Consolidate. The Supreme Court explained that "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases"—including for "all purposes." *Hall v. Hall*, 584 U.S. 59, 77 (2018). Nevertheless, even after consolidation, "constituent cases retain their separate identities" in certain regards. *Id.* Consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Id.* (citation modified).

At the CMC, the Court raised the issue of whether Rule 7 would permit multiple pleadings in a single action. While Rule 7 enumerates the *types* of pleadings allowed, the rule does not appear intended to limit the *number* of pleadings. *See* Fed. R. Civ. P. 7. For example, Rule 7 contemplates "*an* answer to a complaint," but it is routine that each defendant in an action will file its own answer, even if only one complaint is filed. *See* Fed. R. Civ. P. 12(a)(1)(A) ("A defendant must serve an answer") and Fed. R. Civ. P. 11(b) (requiring the signatory of an answer to make specific representations based on evidence and reasonable belief, something that counsel for one defendant can rarely do for another).

The Court's broad discretion regarding the scope and degree of consolidation—and its inherent power to control its docket—includes the discretion to allow the filing of multiple complaints. In *Jordan v. Wyndham Vacation Ownership Inc.*, for example, the court, relying on the Supreme Court's decision in *Hall*, allowed plaintiffs to file three separate complaints. No. 21-CV-02228, 2022 WL 5109790, at *1 (D. Nev. Oct. 4, 2022) ("In keeping with the long-established traditional interpretation of consolidation under Federal Rule of Civil Procedure (FRCP) 42, I construe the parties' stipulation to mean that the cases are consolidated for administrative purposes only—including pretrial matters, like discovery."). The court did so even over the defendant's objection and request for a single pleading. *Id.* In this case, Defendants do not object to separate complaints for each of the Tracks with coordinated proceedings to ensure efficiency and minimal duplication of efforts.

In *Howse v. Chiquita Canyon, LLC*, the court ruled similarly, refusing to "order the plaintiffs to file one master complaint that will supersede all previous complaints," citing concerns about the plaintiffs' right to manage their cases:

> Although it might create some efficiency gains with respect to motion practice, the Court is concerned that this approach would unduly force the various plaintiffs to abandon control of their individual strategies and potentially prejudice them. The plaintiffs have a right to control their own cases, and the Court will not force all of them to make compromises with respect to that control in order to amalgamate their various claims into one complaint for efficiency.

757 F. Supp. 3d 1049, 1069 (C.D. Cal. 2024).

Here, the plaintiffs for all tracks have similar concerns and request the ability to maintain control over their respective cases.

Courts in the Tenth Circuit have used multiple coordinated tracks when a single incident yields materially distinct claimant relationships, legal theories, and proof burdens. *See In re*

*Syngenta AG MIR 162 Corn Litig.*, 357 F. Supp. 3d 1094 (D. Kan. 2018) (allowing two separate consolidated class action complaints for two distinct plaintiff groups: producers (corn farmers) and non-producers (grain handlers and others in the corn industry)); *In re EpiPen*, No. 2:17-md-02785-DDC-TJJ (D. Kan. Sept. 14, 2017), ECF No. 42 (9/14/17 Order Designating a Separate Track for the Sanofi Case) (establishing "two separate pleading tracks" in the MDL and directing the Clerk to create two tracks in the master docket).

Courts in other circuits do the same. *See, e.g., In re: Passenger Vehicle Replacement Tires Antitrust Litigation*, 5:24-md-03107 (N.D. Ohio) (allowing an individual complaint for each track in a case against tire manufacturers: individual/indirect purchasers, direct purchasers, and auto dealer purchasers); *In re Philips Recalled CPAP, Bi-Level PAP & Mech. Ventilator Prods. Liab. Litig.*, No. 2:21-mc-01230-JFC (W.D. Pa. May 7, 2025) (Mem. Op., ECF No. 3333) (economic loss, personal injury, medical monitoring tracks; with master complaints for each track); *In re Allergan Biocell Textured Breast Implant Products Liability Litigation*, 2:19-md-02921 (D.N.J.), ECF No. 119 (mass tort complaint for personal injuries) and ECF No. 118 (class action complaint for medical monitoring).

Most recently, the PowerSchool data breach litigation is also illustrative. The PowerSchool breach is similar to this one because both involved an educational technology vendor used widely across K-12 and higher education, both were tied to the extortion group ShinyHunters, and both exposed tens of millions of student and staff records to cybercriminals. That case has two separate class tracks (Individual Users and School Districts)[1] with separate consolidated complaints for

[1] There is no separate educator track in *PowerSchool*; however, there is not separate educator product like FFT in *PowerSchool*. In addition, there are separate opt-out school districts who have filed individual cases.

each track, and track-specific motion practice, within one coordinated proceeding. *In Re PowerSchool Holdings, Inc., and PowerSchool Group, LLC Customer Data Security Breach Litigation*, 3:2025-md-03149 (S.D. Cal.), ECF No. 243. (7/23/25 Order Granting Joint Mot. Regarding Schedule for Consolidated Compl. & Related Briefing (Tracks One & Two)). A similar approach is appropriate here.

Allowing track-specific complaints achieves the goals of thoroughness and efficiency that the Court raised at the CMC. Each track will be free to allege distinct pleading theories, causes of action, and defenses unique to the claims asserted by each track. And the Court will have an efficient mechanism to provide track-specific determinations and resolution where appropriate. The Court can also issue rulings as to one track without delaying resolution of claims pending in another.

Further, filing track-specific consolidated complaints will prevent the unnecessary joinder of divergent classes, legal claims, and defenses into a single omnibus complaint that would require unwieldy combined briefing, extra work among the parties coordinating drafting and editing across multiple tracks, and the need to specify which parties are, or are not, taking certain legal or factual positions. It also allows more flexibility for varying procedural postures, if warranted—for example, if the application of any arbitration provisions, class waivers, or liability limitations is being evaluated and does not apply universally, unique discovery issues arise, or the parties resolve certain claims.

Separate track-specific complaints will not sacrifice coordination or economy. The multi-track approach will still allow for coordinated proceedings such as shared discovery, a single ESI

protocol and protective order, joint status conferences and hearings, and joint orders pertaining to issues shared across the tracks.

Accordingly, Co-Lead Counsel for all three tracks respectfully request the Court allow a consolidated complaint for each Track—Track 1: Individual Users; Track 2: School Districts; and Track 3: Educators.

Because consolidated complaints for each of the three tracks will require three separate responses by Defendants, the parties agree that the current response deadline should be adjusted to allow additional time for Defendants to file three separate Motions to Dismiss. The proposed schedule below does not alter Plaintiffs' consolidated complaint deadline, the March 4, 2027, hearing date, or change any deadlines related to the Motion to Proceed Under Pseudonyms:

| **Event** | **Deadline** |
|---|---|
| Filing of Consolidated Class Action Complaints for each Track | October 8, 2026 (45 days after order appointing leadership counsel) |
| Filing of a consolidated Motion to Proceed Under Pseudonyms | October 8, 2026 (45 days after order appointing leadership counsel) |
| Filing of Motions to Dismiss for each Track | November 23, 2026 (45 days after filing of the Consolidated Complaints) |
| Filing of Oppositions to Motions to Dismiss for each Track | January 14, 2027 (45 days after the filing of the Motions to Dismiss, plus one additional week in light of the holidays) |
| Filing of Replies in support of Motions to Dismiss, if any | February 16, 2027 (30 days after the filing of the Oppositions) |
| Defendants file a Motion to Stay Discovery pending the resolution of the Motions to Dismiss | December 8, 2026 (60 days after the filing of the Consolidated Complaints) |
| Filing of a consolidated Opposition to Motion to Stay Discovery | January 22, 2027 (45 days after the filing of the Motion to Stay) |
| Filing of a Reply in support of Motion to Stay Discovery, if any | February 12, 2027 (21 days after the filing of the Opposition) |
| In-person Hearing on Motions to Dismiss | Thursday, March 4, 2027, at 1:30 PM |

A proposed order containing the above-proposed schedule is attached.

Dated: September 23, 2026

Respectfully submitted,

/s/ Carissa A. Uresk
Jonathan O. Hafen
Carissa A. Uresk
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, UT 84111
Telephone: (801) 532-7840
jhafen@parrbrown.com

*Liaison Counsel for the Individual Users Track (Track 1)*

Tina Wolfson
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
twolfson@ahdootwolfson.com

E. Michelle Drake
**BERGER MONTAGUE PC**
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Telephone: (612) 594-5933
emdrake@bergermontague.com

James J. Pizzirusso
**HAUSFELD LLP**
1200 17th Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 540-7200
jpizzirusso@hausfeld.com

*Co-Lead Counsel for the Individual Users Track (Track 1)*

Charles H. Thronson
**PARSONS BEHLE & LATIMER**
201 S. Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
cthronson@parsonsbehle.com

*Liaison Counsel for the School District Track (Track 2)*

/s/ James E. Cecchi
James E. Cecchi
**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
jcecchi@carellabyrne.com

*Lead Counsel for the School District Track (Track 2)*

Jessica A. Wilkes
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
The Village, OK 73120
Telephone: (405) 235-1560
jaw@federmanlaw.com

*Liaison Counsel for the Educator Track (Track 3)*

/s/ Nicholas Andrew Hall
Nicholas Andrew Hall
**HALL ATTORNEYS, P.C.**
P.O. Box 1370
Edna, TX 77957
Telephone: (713) 428-8967
nhall@hallattorneys.com

*Lead Counsel for the Educator Track (Track 3)*