Jonathan O. Hafen (6096) (jhafen@parrbrown.com)
Carissa A. Uresk (18114) (curesk@parrbrown.com)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, UT 84111
Telephone: (801) 532-7840

*Liaison Counsel for the Individual Users Track (Track 1)*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **IN RE: INSTRUCTURE DATA BREACH LITIGATION**<br><br>*This Document Relates to Track 1* | **MOTION TO PROCEED UNDER PSEUDONYM**<br><br>Case No. 2:26-cv-00374-RJS-CMR<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Cecilia M. Romero |

Pursuant to DUCivR 10-2, and consistent with Federal Rule of Civil Procedure 5.2(a)(3)'s spirit of protecting the identity of minors, Plaintiffs A.D., E.D., P.E., N.M., E.H., A.N., G.S., J.U., K.I., and M.I. (collectively, "Minor Plaintiffs") respectfully move this Court for an order permitting their guardians ("Guardians") to be identified by the Guardians' initials.

## INTRODUCTION

Defendant Instructure, Inc. ("Defendant") operates Canvas, an educational management systems platform that collects information on students, parents, teachers, and administrators. In April and May 2026, third-party criminal threat actors gained unauthorized access to Defendant's stored files (the "Data Breach"). In this lawsuit, Plaintiffs allege that their sensitive

personal information—including, but not limited to, names, email addresses, student ID numbers, private messages, and location information—was stolen in the Data Breach.

Minor Plaintiffs are Canvas users who seek to protect their identities from criminal threat actors. Criminal threat actors could link their names to the information that the Data Breach hackers threaten to leak on the internet, including their locations, phone numbers, addresses, and private communications sent through the Canvas platform. Individuals whose personal information is revealed on the internet are often at risk of doxxing, blackmail, retaliation, and even the possibility of physical harm, especially when their communications are revealed and online actors disagree with their communications.[1]

Minor Plaintiffs fear that their names being associated with a public filing will increase the risk to their safety, including subjecting them to online and in-person abuse, harassment, threats of violence, and potential physical violence. And although Rule 5.2(a)(3) protects minors by requiring the use of their initials, the Minor Plaintiffs' anonymity could be jeopardized if they are required to disclose their Guardians' identities. Numerous courts have recognized this reality and thus permitted guardians to proceed pseudonymously, especially when, as here, the use of pseudonyms does not prejudice the defendant. Further, the public interest does not require disclosure of the Guardians' identities. Public disclosure of their identities is neither necessary nor warranted given the nature of this lawsuit and could lead to the Minor Plaintiffs being subjected to harassment and harm.

---

[1] Kristen Kozinski & Nina Kapur, NYT Open, *How to Dox Yourself on the Internet* (Feb 27, 2020) https://open.nytimes.com/how-to-dox-yourself-on-the-internet-d2892b4c5954.

Courts have indicated that parties may proceed pseudonymously when cases involve sensitive and personal matters, when revealing a plaintiff's identity could cause the plaintiff harm, or when the injury litigated against would be incurred as a result of identification. *See, e.g.*, *Free Speech Coal. v. Anderson*, No. 23-cv-00287-DAO, 2023 WL 4205645, at *3 (D. Utah June 27, 2023). All elements are present here, so the Minor Plaintiffs respectfully request that this Court permit their Guardians to proceed under pseudonym.

**ARGUMENT**

Federal Rule of Civil Procedure 5.2(a)(3) expressly requires litigants to protect the identity of minors by using only the minor's initials in filings. *See also M.V. v. United Healthcare Ins. Co.*, No. 2:23-cv-00459-JNP-JCB, 2025 WL 463308, at *1 (D. Utah Feb. 11, 2025) (stating that Rule 5.2 "provides that [minors] must be named by initials unless the court orders otherwise"). And even for non-minors, it is well-established that district courts enjoy discretion to allow litigants to proceed pseudonymously when exceptional circumstances warrant anonymity. *See, e.g.*, DUCivR 10-2 (creating procedure for moving to proceed pseudonymously); *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998) ("Federal courts traditionally have recognized that in some cases the general presumption of open trials—including identification of parties and witnesses by their real names—should yield in deference to sufficiently pressing needs for party or witness anonymity." (quoting *James v. Jacobson*, 6 F.3d 233, 242 (4th Cir. 1993))). "Exceptional circumstances exist if the case involves matters of a 'highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure the [litigant's] identity.'" *Raiser*

*v. Church of Jesus Christ of Latter-day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) (quoting *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000)).

Notably, numerous courts have permitted guardians to proceed pseudonymously in order to protect a minor plaintiff's anonymity. *See, e.g.*, *Elizabeth M. v. Premera Blue Cross*, No. 4:25-cv-00021-AMA-PK, 2025 WL 934506, at *2 (D. Utah Mar. 27, 2025) ("In preserving minor anonymity, the overwhelming majority of district courts also allow anonymity for parents acting as co-plaintiffs with minors or individuals who were minors at the time of filing because identifying a minor's parents effectively disposes of minor anonymity.").[2] This makes good sense, as revealing a guardian's identity would often have the unintended (but very real) consequence of revealing the minor's identity, thus violating the spirit of Rule 5.2(a)(3). *See M.V.*, 2025 WL 463308, at *2 (permitting non-minor to proceed anonymously because disclosing the non-minor's name "would have the impact of revealing [the minor plaintiff's] identity and thus would violate the spirit of Rule 5.2(a)(3) and the policies preventing disclosure of records relating to minors").

Here, the requirements for anonymity are met. Requiring the Guardians to disclose their identities would jeopardize the anonymity of Minor Plaintiffs, despite that anonymity being guaranteed by Rule 5.2(a)(3). This in turn would force Minor Plaintiffs to incur the same injury they are litigating against—namely, the unauthorized access of their sensitive personal

---

[2] *See also Andrew D. v. United Healthcare Ins. Co.*, 2025 WL 933872, at *2 (D. Utah Mar. 27, 2025) (permitting anonymity for parent to protect minor's identity); *J.W. v. District of Columbia*, 318 F.R.D. 196, 201 (D.D.C. 2016) (permitting anonymity for parent because "the person who will be most affected by the lack of anonymity … is a minor"); *P.M. v. Evans-Brant Cent. Sch. Dist.*, No. 09-cv-686S, 2012 WL 42248, at *3 (W.D.N.Y. Jan. 9, 2012) ("[T]here is no public interest in identifying the minor child or the parent bringing suit on behalf of the child, whose identity, if disclosed, could jeopardize the child's confidentiality.").

information. Indeed, the stolen information—which was maintained by Defendant and could have been leaked when criminal threat actors hacked Defendant's databases—includes communications promulgated in an educational setting, location information, and student identification information. This information is highly sensitive and should be protected. And revealing this information in conjunction with Minor Plaintiffs' identities leaves them vulnerable to further harm, since sharing opinions in the present day can leave individuals vulnerable to harm propagated on the internet.[3] Thus, exceptional circumstances exist here that warrant anonymity. *See Raiser*, 182 F. App'x at 811.

In addition to the strong interests favoring anonymity for the Guardians, there is a "uniquely weak public interest in knowing [their] identities." *Free Speech Coal.*, 2023 WL 4205645, at *3. This lawsuit does not implicate the public interest in knowing the litigants' names and has little bearing on the outcome of the case, factors courts evaluate in determining the public interest in revealing identities. *Id.* Furthermore, the filings and hearings connected to this case will remain open to the public, and there is no significant interest the public might have in needing to know more than the Guardians' existence as legal guardians of the Minor Plaintiffs.

Finally, Defendant will not suffer prejudice if the Court allows the Guardians to proceed pseudonymously. The Minor Plaintiffs and Guardians understand that the Guardians will need to reveal their identifies to opposing counsel and Defendant in order to pursue this action. Minor Plaintiffs ask only to protect their anonymity by keeping the Guardians' identities private from the public and criminal threat actors.

---

[3] *See supra*, n.1, *How to Dox Yourself on the Internet*.

## CONCLUSION

For the foregoing reasons, Minor Plaintiffs respectfully request that the Court grant this motion and permit their Guardians to proceed under pseudonym.

Dated: October 8, 2026

Respectfully submitted,

/s/ Carissa A. Uresk

Jonathan O. Hafen
Carissa A. Uresk
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, UT 84111
Telephone: (801) 532-7840
jhafen@parrbrown.com

*Liaison Counsel for the Individual Users Track (Track 1)*

Tina Wolfson*
Jeff Westerman*
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
twolfson@ahdootwolfson.com
jwesterman@ahdootwolfson.com

Melissa Clark**
**AHDOOT & WOLFSON, PC**
521 5th Avenue, 17th Floor
New York, NY 10175
Telephone: (917) 336-0171
Facsimile: (917) 336-0177
mclark@ahdootwolfson.com

E. Michelle Drake*
**BERGER MONTAGUE PC**
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Telephone: (612) 594-5933
emdrake@bergermontague.com

Mark B. DeSanto*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
mdesanto@bergermontague.com

James J. Pizzirusso**
Mandy Boltax**
**HAUSFELD LLP**
1200 17th Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 540-7200
jpizzirusso@hausfeld.com
mboltax@hausfeld.com

*Co-Lead Counsel for the Individual Users Track (Track 1)*

***Admitted Pro Hac Vice***
*****Pro Hac Vice Forthcoming***