# Exhibit 1

Devin S. Anderson (18287)
Michael S. Lehr (16496)
KIRKLAND & ELLIS LLP
95 South State Street
Salt Lake City, Utah 84111
Telephone: (801) 877-8134
Facsimile: (801) 877-8101
devin.anderson@kirkland.com
mike.lehr@kirkland.com

Martin L. Roth, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
martin.roth@kirkland.com

Cristina M. Squiers (*pro hac vice*)
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, Texas 75205
Telephone: (214) 972-1770
Facsimile: (214) 972-1771
cristina.squiers@kirkland.com

*Attorneys for Defendants Instructure, Inc. and Instructure Holdings, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| *In Re: Instructure Data Breach Litigation* | Case No. 2:26-cv-00374-RJS-CMR<br><br>**DECLARATION OF ZACH PENDLETON IN SUPPORT OF INSTRUCTURE'S MOTION TO DISMISS PLAINTIFFS' TRACK 1 CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Cecilia M. Romero |

# DECLARATION OF ZACH PENDLETON

I, Zach Pendleton, declare as follows:

1. I am the Chief Architect at Instructure, Inc. (together with Instructure Holdings, Inc., "Instructure"). I have held this position since 2022. In this role, I am responsible for leading Instructure's global approach to software design, deployment, and maintenance. As part of my role, I oversaw the technical response to the cyberattack, including the implementation of additional security hardening measures.

2. I am over eighteen years of age. The facts stated in this declaration are based on my personal knowledge, my review of business records maintained by Instructure in the ordinary course of its business, and information provided to me. If called as a witness, I could and would testify competently to these facts.

3. I submit this declaration in support of Instructure's Motion to Dismiss Plaintiffs' Track 1 Consolidated Class Action Complaint, and solely in connection with Instructure's factual challenge to plaintiffs' standing under Federal Rule of Civil Procedure 12(b)(1).

4. On April 29, 2026, Instructure detected unauthorized activity by a third party (the "threat actor") in its Canvas learning management system. I refer to that event in this declaration as the "cyberattack." Between April 28 and April 30, 2026, the threat actor generated reports containing certain Canvas data and potentially exfiltrated those reports.

5. The data potentially exfiltrated by the threat actor consisted of account information, course enrollment information, and message data sent through Canvas, each as described in paragraph 9 below. Passwords, Social Security numbers, and financial account information were not fields in the account information and course enrollment information data sets potentially exfiltrated by the threat actor. The content of the message data varied widely

by message, and only a small percentage of the messages contained potentially reportable personal information under the applicable state privacy statutes.

6. Instructure subsequently paid a ransom to the threat actor to protect the confidentiality of its customers' information and reduce the risk of unauthorized exposure. On or about May 11, 2026, Instructure received digital confirmation from the threat actor that copies of the potentially exfiltrated data had been destroyed.

7. I understand that the Complaint names 27 individual plaintiffs. The review described below identified, for each named plaintiff, what data, if any, was contained in the data potentially exfiltrated by the threat actor. Each plaintiff's name, institution, and location were used to identify whether they had account information, course enrollment information, or messages that were potentially exfiltrated by the threat actor. To the extent a plaintiff had data that was potentially exfiltrated by the threat actor, the information was reviewed to determine whether it implicated notification obligations under the applicable state privacy statutes.

8. Based on the review performed, the 27 named plaintiffs fall into three groups. For eight plaintiffs, none of their data was in the data potentially exfiltrated by the threat actor. For 17 plaintiffs, the only data potentially exfiltrated was account information and course enrollment information, and for some of them, messages that contained no potentially reportable personal information under the applicable state privacy statutes. For two plaintiffs, messages containing potentially reportable personal information under the applicable state privacy statutes were potentially exfiltrated.

9. "Account information" consists of a person's name, email address, login name, the ID numbers their school and Canvas use for them, profile settings such as pronouns, time zone, and language, and dates such as when the account was created and when the person last

logged in. Account information does not include passwords, Social Security numbers, or financial account information. "Course enrollment information" consists of the courses, sections, and academic terms a person was enrolled in, their role in each course (for example, student or teacher), and any course groups they belonged to. It does not include a person's class year, grades, or academic standing. Course enrollment information does not include passwords, Social Security numbers, or financial account information.

10. Eight plaintiffs—Dana Reyes, Brandi Nelson, A.D., E.D., P.E., N.M., E.H., and A.N.—had no information exfiltrated by the threat actor.

11. For the 17 plaintiffs with information that was potentially exfiltrated, ten plaintiffs—Colby Walker Darnell, Crystal Jessica Hall, Q. Jane Miceli, Sam Mockert, J.U., K.I., M.I., G.S., Azrael Gabriela Delagarza, and Gerid Bowler—had *only* account information and course enrollment information that was potentially exfiltrated by the threat actor, but none of their messages were potentially exfiltrated. None of the potentially exfiltrated information for these ten plaintiffs contained potentially reportable personal information under the applicable state privacy statutes.

12. Seven plaintiffs—Kyllia Bless, Madison Clark, Theresa M. Coelho, Olivia Gabrich, Ella Jacobs, Natalie Large, and Jeffrey Parker—had account information, course enrollment information, and some messages that were potentially exfiltrated by the threat actor. None of the potentially exfiltrated information for these seven plaintiffs, including the messages, contained potentially reportable personal information under the applicable state privacy statutes.

13. Two plaintiffs—Julianne Theobald and Carmen Brock—had messages containing potentially reportable personal information under the applicable state privacy statutes that

were potentially exfiltrated by the threat actor. [redacted]

14. None of the 27 named plaintiffs had Social Security numbers, financial account information, or passwords exfiltrated by the threat actor.

15. Since 2024, Instructure has monitored, or caused to be monitored on its behalf, the dark web including: underground forums; closed communities; restricted and hidden forums where threat actors discuss tactics, trade access, or share intelligence; dark web marketplaces where stolen data, access, and illicit tools are bought or auctioned; messaging apps, which include threat actor groups and channels on platforms such as Telegram and Discord; paste sites and data dumps, which include repositories where leaked datasets, credentials, and files are posted; and ransomware sites operated by ransomware groups to publish victim data or extortion claims. That monitoring has not found any such posting, including any data belonging to any named plaintiff.

16. As of the date of this declaration, Instructure is not aware of any instance in which data potentially exfiltrated by the threat actor has been used to commit fraud or identity theft against any named plaintiff or any other person.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 23, 2026

Zach Pendleton
Chief Architect
Instructure, Inc.