Devin S. Anderson (18287)
Michael S. Lehr (16496)
KIRKLAND & ELLIS LLP
95 South State Street
Salt Lake City, Utah 84111
Telephone: (801) 877-8134
Facsimile: (801) 877-8101
devin.anderson@kirkland.com
mike.lehr@kirkland.com

Martin L. Roth, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
martin.roth@kirkland.com

Cristina M. Squiers (*pro hac vice*)
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, Texas 75205
Telephone: (214) 972-1770
Facsimile: (214) 972-1771
cristina.squiers@kirkland.com

*Attorneys for Defendants Instructure, Inc. and Instructure Holdings, Inc.*

---

**UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **IN RE: INSTRUCTURE DATA BREACH LITIGATION**<br><br>*This document relates to Track 1* | Case No. 2:26-cv-00374-RJS-CMR<br><br>**INSTRUCTURE'S MOTION FOR LEAVE TO FILE UNDER SEAL UNREDACTED MOTION TO DISMISS AND EXHIBIT 1**<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Cecilia M. Romero |

Pursuant to DUCivR 5-3 and DUCivR 5.2-1, Defendants Instructure, Inc. and Instructure Holdings, Inc. (together, "Instructure") respectfully move for leave to file under seal unredacted versions of (1) Instructure's Motion to Dismiss Plaintiffs' Track 1 Consolidated Class Action Complaint (the "Motion to Dismiss") and (2) Exhibit 1 to that motion, the Declaration of Zach Pendleton (the "Pendleton Declaration"). The limited portions of these documents that Instructure seeks to seal are descriptions of messages containing potentially sensitive health information of two named plaintiffs. Consistent with DUCivR 5-3(b)(1), Instructure has publicly filed redacted versions of the Motion to Dismiss and the Pendleton Declaration and is contemporaneously filing this Motion and the proposed sealed, unredacted documents as separate docket entries, each linked to the corresponding redacted filing with the information sought to be sealed highlighted.

Although the records of the Court are presumptively open to the public, "[o]n motion of a party and a showing of good cause, a judge may order that a Document be sealed." DUCivR 5-3(a)(1). The right to inspect judicial records "is not absolute," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978), and the presumption of access may be overcome where "the parties [] articulate a real and substantial interest," *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)).

Good cause exists here. The proposed redactions are limited to a short passage on page 22 of the Motion to Dismiss and corresponding sentences in paragraph 13 of the Pendleton Declaration, which describe the content of certain private messages belonging to two named plaintiffs. Those private messages contain potentially sensitive health information. Instructure makes this request in an abundance of caution to protect the named plaintiffs' privacy, and nothing

in this Motion should be construed as a concession of any of Instructure's arguments or defenses, including those set forth in the Motion to Dismiss.

This Court's rules reflect a strong policy of shielding sensitive personal information from the public docket. *See* Fed. R. Civ. P. 5.2(a); DUCivR 5.2-1; DUCivR 5-3(a)(2)(B). By contrast, the public's interest in this specific information is minimal: It is not necessary to understand Instructure's arguments, which remain fully available in the publicly filed redacted versions. Further, courts routinely permit this type of information to be redacted and filed under seal. *See Eugene S.*, 663 F.3d at 1135–36 (collecting cases).

Instructure's request is also narrowly tailored, as DUCivR 5-3(b)(2)(A) requires. Instructure does not seek to seal either document in its entirety; it seeks to seal only the discrete personal information highlighted in the unredacted versions of the documents. Instructure requests that the highlighted information remain sealed permanently, as the privacy interests at stake will not diminish over time. *See* DUCivR 5-3(b)(2)(B).

For these reasons, Instructure respectfully requests that the Court grant this Motion and order that the unredacted versions of the Motion to Dismiss and the Pendleton Declaration be permanently maintained under seal.

Dated this 23rd day of November, 2026

Respectfully submitted,

*/s/ Devin S. Anderson*

Devin S. Anderson (18287)
Michael S. Lehr (16496)
KIRKLAND & ELLIS LLP
95 South State Street
Salt Lake City, Utah 84111
Telephone: (801) 877-8134
Facsimile: (801) 877-8101
devin.anderson@kirkland.com
mike.lehr@kirkland.com

Martin L. Roth, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
martin.roth@kirkland.com

Cristina M. Squiers (*pro hac vice*)
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, Texas 75205
Telephone: (214) 972-1770
Facsimile: (214) 972-1771
cristina.squiers@kirkland.com

*Attorneys for Defendants Instructure, Inc. and Instructure Holdings, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2026, I filed a true and correct copy of the foregoing Instructure's Motion for Leave to File Under Seal Unredacted Motion to Dismiss and Exhibit 1 via the Court's CM/ECF system, which automatically effectuated service on all parties of record in this matter. I further certify that on the same date I served unredacted copies of the sealed Motion to Dismiss and Exhibit 1 on counsel of record for Plaintiffs via email.

*/s/ Devin S. Anderson*
Devin S. Anderson